**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-10064 |
| | : | **Jointly Administered with** |
| **BAYOU BYWATER LIVING, LLC** | : | **CASE NO.: 21-10065** |
| **WEBSTER STREET HOLDING, LLC** | : | **CASE NO.: 21-10204** |
| **RELDS, LLC** | : | **CASE NO.: 21-10205** |
| **SOUTH CLAIBORNE HOLDINGS, LLC** | : | |
| | : | **SECTION "A"** |
| DEBTORS | : | |
| | : | **CHAPTER 7** |
| | : | |

**MOTION TO COMPEL DEBTORS' COOPERATION AND FOR CONTEMPT**

NOW INTO COURT, though undersigned counsel, comes Barbara Rivera-Fulton, Trustee (the "Trustee") of the captioned estate, who respectfully represents:

1. Pursuant to a Court Order entered on March 24, 2021 in the Bayou Bywater Living, LLC case **[P-26]** directing joint administration, the following cases were consolidated for procedural purposes and are currently being jointly-administered by this Court:

    (i) Bayou Bywater Living, LLC (Petition Date - January 19, 2021, Conversion to Chapter 7 – April 22, 2021);

    (ii) Webster Street Holding, LLC (Petition Date - January 19, 2021, Conversion to Chapter 7 – May 11, 2021);

    (iii) Relds, LLC (Petition Date – February 18, 2021, Conversion to Chapter 7 - May 11, 2021); and

    (iv) South Claiborne Holdings, LLC ((Petition Date – February 18, 2021, Conversion to Chapter 7 - May 11, 2021);

    (collectively sometimes hereinafter "Debtors")

2. Applicant is the duly appointed trustee of the bankruptcy estates of the above-named Debtors and is now acting as such trustee.

4119592-1

3. This Court has jurisdiction over these cases under 28 U.S.C. § 1334 and this matter is a core proceeding under 28 U.S.C. §§ 157(b)(2).

**Factual Background**

4. As noted above, all of these Debtor cases have been converted to Chapter 7. The case of Bayou Bywater Living, LLC was converted by Order of Conversion entered on April 22, 2021, and the cases of Webster Street Holding, LLC, Relds, LLC and South Claiborne Holdings, LLC were converted by Order of Conversion entered on May 11, 2021 (collectively "Conversion Orders").

5. The Conversion Orders all state that the Debtor(s) shall "[t]urn over to the Chapter 7 trustee all records and property of the estate under its possession or control, pursuant to Fed. R. Bankr. P. 1019(4)."

6. There are other requirements that must be met by certain deadlines set forth in the Conversion Orders, including that the Debtor(s) shall:

(i) Not later than fourteen (14) days after entry of each of the respective orders, file a schedule of unpaid debts incurred after the filing of the petition and before conversion of each case, including the name and address of each holder of a claim;

(ii) Not later than thirty (30) days after entry of each of the respective orders, file with the Court and transmit to the United States Trustee an accounting of all receipts and distributions made after the filing of the petition and before conversion of the case; and

(iii) Not later than fourteen (14) days after entry of each of the respective orders, file any schedules and statements required by Fed. R. Bankr. P. 1007 and 1019(1)(A).

7. The Trustee had an initial meeting in this case with undersigned counsel, Debtor representative Gerard McGovern, and his counsel DeShawn Hayes on May 18, 2021 to discuss the Trustee's administration of the cases, the deadlines and obligations as set forth in the Conversion Orders, and various issues affecting the Debtors (such as insurance, etc.).

4119592-1

8. Subsequent to the meeting, on May 19, 2021, undersigned counsel sent an e-mail to Mr. Hayes (as a follow up to the initial meeting) noting as follows:

*It is critical that the properties have appropriate Fire/Wind/Hazard/Flood property damage insurance. If the appropriate coverage is not presently in place, <u>please let us know immediately</u>. If it is in place, <u>please email over copies of the certificates of insurance today</u> so we can confirm that the insurance is in place and/or ascertain what additional types of coverage (if any) may be necessary.*

*Also, as discussed at our meeting yesterday, the Court entered Conversion Orders in all four of the bankruptcy cases that requires that the Debtors do certain things, including the obligation to turn over to the Chapter 7 trustee all records and property of the estate under the debtors' possession or control. This of course includes rents received from the real property. All rents and other property of the estate in the possession of the Debtors as of the entry of the Orders converting the cases should be turned over to the Trustee immediately...*

*Also, <u>before the end of the week</u>, please have your clients provide us with a complete list of the properties that currently have tenants, with the address of the property, the name and contact information for the tenants, and the lease term and monthly rental.*

See Exhibit "A" *in globo* attached hereto.

9. Debtors responded to the e-mail that same day, stating "[a]ttached please find the liability and fire/hazard policies for the subject properties. All other policies are forced placed by the creditors of which my client is not in possession of the certificate of insurance."

10. Although Debtors did send over certain insurance documentation, Debtors have failed to turn over any other estate property, including lease proceeds, tenant information, and specific lease information.

11. Moreover, a review of the insurance documentation sent by Debtors shows that only 709-711 State Street, 700 Webster Street, and 832 Esplanade Avenue have any type of insurance coverage other than liability coverage.[1] Accordingly, based upon the information provided, the rest of the properties do not have any type of property damage insurance such as

---

[1] As noted in the May 19, 2021 e-mail from undersigned counsel, based upon the conversation at the meeting, the parties on the Trustee side left the meeting with the understanding that appropriate coverage was in place for all properties. This is evidently not correct.

4119592-1

Fire/Wind/Hazard/Flood coverage.

12. Undersigned counsel sent another e-mail to Mr. Hayes on May 20, 2019 attempting to set up an emergency conference call to discuss the insurance coverage issue. Undersigned counsel sent another e-mail to Mr. Hayes today, on May 24, 2021, noting that the insurance issue needed to be addressed immediately and that Debtors had failed to respond to the Trustee's other turnover requests. *See* Exhibit "A" in globo attached hereto. The Trustee has received no response to these e-mails.

## Contempt

13. The Fifth Circuit has delineated the test for civil contempt. *In Piggly Wiggly Clarksville v. Mrs. Baird's Bakeries, Inc.*, 177 F.3d 380, 382 (5th Cir. 1999), the Court observed that the test for contempt requires the showing that (1) a court order was in effect; (2) the order required certain conduct; and (3) the respondent failed to comply with the order.

14. As stated above, despite the obligations imposed by the Conversion Orders, Debtors have failed to "[t]urn over to the Chapter 7 trustee all records and property of the estate under its possession or control." The obviously includes any and all rental proceeds, all information relating to the properties, and all tenant/rental information. The Debtors need to cooperate with the Trustee and all property of the estate should be turned over immediately.

15. Additionally, as to the other requirements imposed by the Conversion Orders, the timelines have all run with respect to the Bayou Bywater Living Debtor, and the obligations as to the other Debtors relating to (i) filing a "schedule of unpaid debts" and (ii) filing "any schedules or statements required by Fed. R. Bankr. P. 1007 and 1019(1)(A)" run tomorrow.

16. At this point, the Debtors have provided no rental proceeds to the Trustee, and it is imperative that these proceeds be turned over and information relating to the tenants be

provided so that future rental funds can be collected efficiently. There is an immediate need for these funds because the insurance issues regarding Debtors' properties needs to be addressed.

17. Additionally, Debtors have an obligation and duty to cooperate with the Trustee in connection with the administration of the estate. Moreover, the Debtors' actions are violative of 11 U.S.C. §362(a)(3) as the Debtors are unlawfully and willfully attempting to exercise control over property of the estate. The automatic stay is a self-executing injunction, and for contempt purposes, constitutes an order issuing from the bankruptcy court. *Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1082 (9th Cir. 2000).

18. Undersigned has advised Mr. Hayes via e-mail dated today that this Motion was being filed.

**WHEREFORE**, the Trustee prays that this Court (i) order the Debtors to cooperate with the Trustee, turn over estate property, and otherwise comply with the Conversion Orders, (ii) find Debtors to be in contempt of Court and issue appropriate sanctions in order to secure Debtors' compliance, including awarding the Trustee reasonable fees and expenses, and (iii) order such other and further relief as is just.

    Respectfully submitted,

    CHAFFE McCALL, LLP
    2300 Energy Centre
    1100 Poydras Street
    New Orleans, Louisiana 70163-2300
    Telephone: (504) 585-7000

    By: */s/ Fernand L. Laudumiey, IV*
    David J. Messina, #18341
    messina@chaff.com
    Fernand L. Laudumiey, IV, #24518
    laudumiey@chaffe.com
    ***Attorneys for Barbara Rivera-Fulton, Trustee***

- 6 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing pleading was this day served via email on the (i) U.S. Trustee, Christy Bergeron at Christy.Bergeron@usdoj.gov and (ii) DaShawn Hayes, counsel for Debtors, at dphayesesquire@gmail.com. I further certify that a copy of the above and foregoing pleading was this day served by U.S. Mail, postage prepaid, and properly addressed upon the following parties:

| | |
|---|---|
| Bayou Bywater Living, LLC | Webster Street Holding, LLC |
| 27 Audubon Blvd | 700 Webster Street |
| New Orleans, LA 70118 | New Orleans, LA 70118 |
| | |
| Relds, LLC | South Claiborne Holdings, LLC |
| 229 Audubon Blvd. | 2718 State St |
| New Orleans, LA 70118 | New Orleans, LA 70118 |

      May 24, 2021.

                                                      By:*/s/ Fernand L. Laudumiey, IV*
                                                          Fernand L. Laudumiey, IV

4119592-1

## Laudumiey IV, Fernand L.

| | |
|---|---|
| **From:** | Laudumiey IV, Fernand L. |
| **Sent:** | Wednesday, May 19, 2021 12:54 PM |
| **To:** | 'DaShawn P. Hayes, Esq'; Messina, David; Barbara Rivera-Fulton |
| **Subject:** | RE: [EXTERNAL] Re: McGovern - Bankruptcy cases |

DaShawn,

Please clarify the insurance issue with your clients and let us know <u>as soon as possible today</u> because when we discussed it yesterday, my law partner David Messina specifically asked whether the debtors had directly obtained property damage insurance to insure the structures against loss, and Mr. McGovern and Mr. Rivieras both advised that they had obtained the insurance and provided copies of the insurance certificates to the U.S. Trustee. There was even a discussion about the fact that the U.S. Trustee required them to insure the structures for amounts higher than what your clients believed was necessary because the U.S. Trustee's value requirements did not attribute sufficient value to the underlying raw land. We also talked about flood insurance, and Mr. McGovern and Mr. Rivieras indicated that flood insurance was in place for all of the properties in the low lying areas where flood insurance is required.

It is critical that the properties have appropriate Fire/Wind/Hazard/Flood property damage insurance. If the appropriate coverage is not presently in place, <u>please let us know immediately</u>. If it is in place, <u>please email over copies of the certificates of insurance today</u> so we can confirm that the insurance is in place and/or ascertain what additional types of coverage (if any) may be necessary.

Also, as discussed at our meeting yesterday, the Court entered Conversion Orders in all four of the bankruptcy cases that requires that the Debtors do certain things, including the obligation to turn over to the Chapter 7 trustee all records and property of the estate under the debtors' possession or control. This of course includes rents received from the real property. All rents and other property of the estate in the possession of the Debtors as of the entry of the Orders converting the cases should be turned over to the Trustee immediately.

There are other requirements that must be met by certain deadlines set forth in the Conversion Orders, including without limitation, the following:

- Not later than fourteen (14) days after entry of each of the respective orders, file a schedule of unpaid debts incurred after the filing of the petition and before conversion of each case, including the name and address of each holder of a claim;

- Not later than thirty (30) days after entry of each of the respective orders, file with the Court and transmit to the United States Trustee an accounting of all receipts and distributions made after the filing of the petition and before conversion of the case; and

- Not later than fourteen (14) days after entry of each of the respective orders, file any schedules and statements required by Fed. R. Bankr. P. 1007 and 1019(1)(A).

Also, <u>before the end of the week</u>, please have your clients provide us with a complete list of the properties that currently have tenants, with the address of the property, the name and contact information for the tenants, and the lease term and monthly rental.

If you have any questions I am happy to discuss.

1



Ferdie



**Fernand L. Laudumiey IV | *Partner***
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7052 | f: 504-544-6093

chaffe.com | linkedin | bio | vcard | email

**From:** DaShawn P. Hayes, Esq <dphayesesquire@gmail.com>
**Sent:** Tuesday, May 18, 2021 4:19 PM
**To:** Laudumiey IV, Fernand L. <laudumiey@chaffe.com>
**Subject:** [EXTERNAL] Re: McGovern - Bankruptcy cases

**This Message originated outside of Chaffe McCall's system.**

Ok. I believe most of the fire/hazard policies are forced placed, but I'll double check with client.

On Tue, May 18, 2021 at 4:05 PM Laudumiey IV, Fernand L. <laudumiey@chaffe.com> wrote:

DaShawn,

I followed up with the UST and they advised that while the properties do have liability insurance, they were not aware that any of the properties had hazard/property damage insurance (other than forced placed by the lenders). I wanted to reach out to you to request the applicable insurance certificates so we can resolve the issue. The UST might just not be aware that this insurance has been placed.

Thanks.

Ferdie



**Fernand L. Laudumiey IV | *Partner***
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7052 | f: 504-544-6093

chaffe.com | linkedin | bio | vcard | email

2

**Laudumiey IV, Fernand L.**

| | |
|---|---|
| **From:** | Laudumiey IV, Fernand L. |
| **Sent:** | Thursday, May 20, 2021 1:10 PM |
| **To:** | 'DaShawn P. Hayes, Esq' |
| **Cc:** | Messina, David; Barbara Rivera-Fulton |
| **Subject:** | RE: [EXTERNAL] Re: McGovern - Bankruptcy cases |

DaShawn,

Are you and your clients available between 1:30 and 3:00 pm today to discuss the insurance coverage issue? We do not anticipate a lengthy call but we have a few questions about the coverage and it's important that we talk as soon as possible.

Please advise

Ferdie



**Fernand L. Laudumiey IV | *Partner***
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7052 | f: 504-544-6093

chaffe.com | linkedin | bio | vcard | email

**From:** DaShawn P. Hayes, Esq <dphayesesquire@gmail.com>
**Sent:** Wednesday, May 19, 2021 3:42 PM
**To:** Laudumiey IV, Fernand L. <laudumiey@chaffe.com>
**Cc:** Messina, David <messina@chaffe.com>; Barbara Rivera-Fulton <barbararfulton2015@gmail.com>
**Subject:** Re: [EXTERNAL] Re: McGovern - Bankruptcy cases

**This Message originated outside of Chaffe McCall's system.**

Attached please find the liability and fire/hazard policies for the subject properties. All other policies are forced placed by the creditors of which my client is not in possession of the certificate of insurance.

On Wed, May 19, 2021 at 12:54 PM Laudumiey IV, Fernand L. <laudumiey@chaffe.com> wrote:

> DaShawn,
>
> Please clarify the insurance issue with your clients and let us know <u>as soon as possible today</u> because when we discussed it yesterday, my law partner David Messina specifically asked whether the debtors had directly obtained property damage insurance to insure the structures against loss, and Mr. McGovern and Mr. Rivieras both advised that they had obtained the insurance and provided copies of the insurance certificates to the U.S. Trustee. There was even a discussion about the fact that the U.S. Trustee required them to insure the structures for amounts higher than what your clients believed was necessary because the U.S. Trustee's value requirements did not attribute sufficient value to the underlying raw land. We also talked about flood

1

**Laudumiey IV, Fernand L.**

| | |
|---|---|
| From: | Laudumiey IV, Fernand L. |
| Sent: | Monday, May 24, 2021 10:26 AM |
| To: | 'DaShawn P. Hayes, Esq' |
| Cc: | Messina, David; 'Barbara Rivera-Fulton' |
| Subject: | RE: [EXTERNAL] Re: McGovern - Bankruptcy cases |

DaShawn,

I just left you a message. I am e-mailing you again because in response to our e-mail dated May 19, 2021, the only information we received was a brief e-mail attaching insurance policies. A review of those polices shows that only 709-711 State Street, 700 Webster, and 832 Esplanade have any type of coverage other than liability coverage. Accordingly, based upon the information provided, the rest of the properties do not have any type of Fire/Wind/Hazard/Flood property damage insurance. Appropriate insurance coverage needs to be placed immediately as hurricane season is approaching and the properties have equity value that needs to be protected.

As you know, our May 19, 2021 email additionally requested that "all rents and other property of the estate in the possession of the Debtors as of the entry of the Orders converting the cases should be turned over to the Trustee immediately." We also requested <u>by the end of last week</u> that Debtors "provide us with a complete list of the properties that currently have tenants, with the address of the property, the name and contact information for the tenants, and the lease term and monthly rental." To date, we have received no response relating to these items which are critical for the Trustee to be able to effectively administer these estates.

Please be advised that we are left with no choice but to seek court intervention on an expedited basis.

Regards,

Ferdie



**Chaffe McCall** LLP
*Serving our clients for over 190 years*

**Fernand L. Laudumiey IV | *Partner***
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7052 | f: 504-544-6093

chaffe.com | linkedin | bio | vcard | email

---

From: Laudumiey IV, Fernand L.
Sent: Thursday, May 20, 2021 1:10 PM
To: 'DaShawn P. Hayes, Esq' <dphayesesquire@gmail.com>
Cc: Messina, David <messina@chaffe.com>; Barbara Rivera-Fulton <barbararfulton2015@gmail.com>
Subject: RE: [EXTERNAL] Re: McGovern - Bankruptcy cases

1