**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| BAYOU BYWATER LIVING, LLC | * | CASE NO: 21-10064 |
| | * | Jointly Administered with |
| WEBSTER STREET HOLDING, LLC | * | CASE NO. 21-10065 |
| RELDS, LLC; AND | * | CASE NO. 21-10204 |
| SOUTH CLAIBORNE HOLDINGS, LLC | * | CASE NO. 21-10205 |
| GERARD MCGOVERN | * | CASE NO. 21-11033 |
| | * | |
| | * | SECTION A |
| | * | |
| *Debtor(s)* | * | CHAPTER 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR AUTHORITY TO SELL PROPERTY
AT PRIVATE SALE FREE AND CLEAR OF ALL
LIENS, CLAIMS, AND ENCUMBRANCES, TO PAY
FIRST MORTGAGE, REALTOR, CUSTOMARY CLOSING COSTS,
AND FOR OTHER RELIEF (2029-31) BROADWAY STREET)**

**NOW INTO COURT**, comes Wilbur J. "Bill" Babin, Jr., Trustee of the Gerard McGovern Bankruptcy ("Trustee"), who with respect represents:

1.

Pursuant to a Court Order entered on October 19, 2021 in the Gerard McGovern case [P-72] directing joint administration, the above cases are being jointly-administered by this Court.

2.

Mover is the duly appointed Chapter 7 Trustee of the bankruptcy estate of Debtor, Gerard McGovern, and is now acting as such Trustee.

3.

This Court has jurisdiction over this case under 28 U.S.C § 1334 and this matter is a core proceeding under, without limitation, 28 U.S.C. §157(b)(2)(A) and (N). Venue of this case and this

motion is proper in this district under 28 U.S.C. §1408 and 1409. The statutory predicate for the relief sought herein is §§ 105 and 363 of the Bankruptcy Code, as complimented by Rules 2002, 9014 and 6004 of the Federal Rules of Bankruptcy Procedure.

**The Sale**

4.

The property of the Gerard McGovern Bankruptcy Estate currently includes immovable property bearing municipal address 2029-31 Broadway Street, New Orleans, LA 70118 more particularly described on Exhibit "A" attached hereto ("Property").

5.

As per Order signed by this Honorable Court on December 16, 2021 [P-251], Trustee was authorized to and did enter into a Listing Agreement with Liza Whitfield, Glenn Boyer, and Latter & Blum, to market and sell the above-mentioned Property with a commission in an amount equal to six (6%) percent of the first $100,000.00 plus four (4%) percent over the first $100,000.00 of the purchase price.

6.

The Trustee has now received an offer from Broadway Street Holdings, LLC ("Purchaser"), their designee, successor and/or assignee to purchase said entire Property bearing municipal address 2029-31 Broadway Street, New Orleans, LA 70118, for the purchase price of FOUR HUNDRED FIFTY THOUSAND AND NO/100 ($450,000.00) DOLLARS, all cash to the Trustee. The sale shall be "AS IS, WHERE IS", without any warranty whatsoever, even as to title or for return of the purchase price, on the terms and conditions more fully set forth herein and in the Agreement to Purchase attached hereto and made a part hereof and marked as Exhibit "B".

7.

The Purchaser has placed a $20,000.00 deposit with the Trustee.

### The Proposed Sale Satisfies the Requirements of § 363 (f) for a Sale Free and Clear

8.

Pursuant to 11 U.S.C. § 363 (f) and/or (h), and § 725, this property shall be sold free and clear of all liens, claims and encumbrances and the Property sold shall be released from all such liens, claims and encumbrances upon payment of the purchase price, and the Recorder of Mortgages for the Parish of Orleans, State of Louisiana, shall be authorized to cancel any such liens, claims and encumbrances, insofar as they bear against said Property, with said liens, claims and encumbrances to be relegated to the proceeds of the sale, to be paid in accordance with the provisions of the United States Bankruptcy Code.

9.

Said Property is subject to a first mortgage held by Bank of Louisiana in the approximate amount of TWENTY-ONE THOUSAND FIVE HUNDRED FIVE AND 13/100 ($21,505.13) DOLLARS, which includes, but is not limited to, interest, late fees and attorney fees. Bank of Louisiana holds a security interest in additional collateral, which is also property of this bankruptcy estate, which the Trustee has listed for sale.

### Carrollton & Oak Alleged Interest

10.

Carrollton & Oak, LLC filed a Lis Pendens against the Property, recorded in the public records of Orleans Parish on March 23, 2020, at MIN Instrument #1327447, N.A. #2020-11030 ("Carrollton & Oak Alleged Interest"). However, a review of the Lis Pendens shows that it was

improperly filed against the Property. A review of the pending state court litigation matters (Parish of Orleans, CDC Case Nos. 16-10781 and 18-12555) reflects that although Debtor, Gerard McGovern, is named personally, these matters relate to Mr. McGovern's ownership interests in and management of Carrollton & Oak, LLC (a non-debtor entity) and immovable property located at 1200 South Carrollton Avenue, New Orleans, LA. These litigation matters have nothing to do with the 2029-31 Broadway Street, New Orleans, LA 70118 Property. Under La. C.C.P. Art. 3751, a Lis Pendens is only properly filed in this state in a pending matter "affecting the title to, or asserting a mortgage or privilege on, immovable property."

11.

Accordingly, the Lis Pendens was improperly filed, applicable nonbankruptcy law (Louisiana Law) permits the sale of the Property free and clear of the Carrollton & Oak Alleged Interest pursuant to 11 U.S.C. §363(f)(1). At the very minimum, the Carrollton & Oak Alleged Interest is subject to a bona fide dispute, and the sale of the Property free and clear of such interest is permissible pursuant to the provisions of §363(f)(4).

### Other Inscriptions

12.

In addition to the Bank of Louisiana mortgage and the Carrollton & Oak Notice of Lis Pendens referred to above, there are the following inscriptions recorded against the Property:

1. MIN 1300575, Judgment in favor of Sessions, Fishman, et al. vs. Gerard P. McGovern, 4978.00 +, 9/26/18, CDC #2017-09156F, NA20119-16487;

2. MIN 1319242, Judgment in favor of Nidal Jaber, et al. vs. Gerard McGovern, et al., 2,230,801.46, 12/12/19, CDC #2018-12555 c/w 2016–10781;

3. MIN 1355701, Judgment in favor of Robert G. Harvey, Sr., et al. vs. Gerard McGovern, et al., CDC #2019-7919, 38,935.15, 11/27/19, 21-12742; and

    4.    MIN 1357262, Judgment in favor of Prime Imports Co., Inc. vs. Gerard P. McGovern, CDC #2020-6225, 223,811.75 +, 4/7/21, NA2021-15414.

13.

This sale shall be free and clear of the four (4) inscriptions above, which shall be partially cancelled insofar as this Property is concerned, upon payment of purchase price. Said inscriptions, to the extent they are found to be valid, with an outstanding balance due, shall attach to the net proceeds of the sale, after payment of the realtor's commission, seller's customary closing costs, taxes pro-rated through the date of sale, and the first mortgage in favor of Bank of Louisiana.

14.

To the best of Trustee's knowledge, there are no other liens, claims or encumbrances against the above mentioned Property and the sales price of FOUR HUNDRED FIFTY THOUSAND AND NO/100 ($450,000.00) DOLLARS is a fair and reasonable price for the subject Property and said sale is in the best interest of the bankruptcy estate. Trustee avers that this sale to this Purchaser or any other purchaser or higher bidder for a sales price of FOUR HUNDRED FIFTY THOUSAND AND NO/100 ($450,000.00) DOLLARS or more should be approved.

15.

Purchaser and Seller acknowledge and recognize that this sale is in "AS IS" condition, and accordingly, Purchaser hereby relieves and releases Seller, Seller's agents and all previous owners thereof from any and all claims for any vices or defects in said Property, whether obvious or latent, known or unknown, easily discoverable or hidden, and particularly from any claim or cause of action in redhibition pursuant to Louisiana Civil Code Articles 2520, et seq., or for diminution of purchase price pursuant to Louisiana Civil Code Articles 2541, et seq.

**Payment of Latter & Blum Commission**

16.

As stated above, Trustee was authorized to and did enter into a Listing Agreement with Liza Whitfield, Glenn Boyer, and Latter & Blum to receive a commission in an amount equal to six (6%) percent of the first $100,000.00 plus four (4%) percent over the first $100,000.00 of the purchase price. Trustee seeks authority to pay Latter & Blum its commission at closing.

**The Closing**

17.

The net proceeds of the sale will be paid to the Trustee at closing. "Net Proceeds" as used herein is defined as the $450,000.00 purchase price less the following:

a. Amount due to Bank of Louisiana;

b. Amounts due for prior years' real estate taxes and current year's real estate taxes prorated through the date of the closing;

c. Real Estate commission payable to Latter & Blum;

d. Customary seller's closing costs due under the Purchase Agreement.

The amounts set forth will be paid to the obligees on behalf of the Trustee at the closing. The Net Proceeds will be paid to the bankruptcy estate, free and clear of any and all interests, liens, claims, and encumbrances, except any of the four inscriptions mentioned in paragraph 12 above, found by this Court to be valid and enforceable against these Net Proceeds.

**Purchaser is a "Good Faith Purchaser"  
Under § 363 (m) of the Bankruptcy Code**

18.

Section 363(m) of the Bankruptcy Code provides that the reversal or modification on appeal

of a transaction authorized under §363(b) of the Bankruptcy Code does not affect the validity of the sale to an entity that acquired the Property in good faith. Given the factual circumstances, it is beyond question that (i) Purchaser is a good faith purchaser, (ii) the sale was negotiated at arm's length, and (iii) Purchaser will, subject to this Court's approval, pay fair and reasonable consideration for the Property. Accordingly, Purchaser is entitled to the protections under §363(m) of the Bankruptcy Code.

## Need for Immediate Effect of Order and Without Stay

19.

The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the sale order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of this Motion and the sale order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale. The Property is currently subject to accruing amounts of taxes, accruing interest, is in need of renovation and deferred maintenance, and the Trustee needs to sell the Property as soon as possible to realize the maximum benefit to the bankruptcy estate.

## Higher Offers for the Property

20.

Anyone wishing to make a higher offer for the Property must submit a response to this Motion that:

1. is made in writing, setting forth the identity of the offering party and specifying the amount of the initial competing offer;
2. is filed with the Clerk of Court, United States Bankruptcy Court fo the Eastern District of Louisiana at 500 Poydras Street, New Orleans, LA 70130 and is transmitted and served upon Wilbur J. "Bill" Babin, Jr., Trustee, at 3027 Ridgelake Drive, Metairie, LA 70002 so as to be received no latter than seven (7) days prior to the hearing on this Motion;
3. sets forth an offer for the Property in an amount that is at least $460,000.00;
4. is accompanied by a certified or cashier's check in the amount of $20,000.00 made payable to Wilbur J. "Bill" Babin, Jr., Trustee, as a good faith deposit in accordance with the terms and conditions of the Agreement to Purchase (which deposit shall be returned if said party is not the successful bidder); and
5. is accompanied by documentation sufficient to allow the Trustee to determine, in his sole business judgment, that the party making the higher offer has the financial ability to close on the proposed purchase of the Property.

**WHEREFORE**, Trustee prays that Notice of Trustee's Motion for Authority to Sell Property at Private Sale Free and Clear of All Liens, Claims and Encumbrances, To Pay First Mortgage, Realtor, Customary Closing Costs and for Other Relief (2029-31 Broadway Street) be sent to all creditors and parties in interest and that after due proceedings had, that Trustee's Motion be granted and that Trustee be authorized to accept FOUR HUNDRED FIFTY THOUSAND AND NO/100 ($450,000.00) DOLLARS or higher from Broadway Street Holdings, LLC, their designee, successor and/or assignee or any other higher bidder, all cash to the Trustee for the property bearing municipal 2029-31 Broadway Street, New Orleans, LA 70118, more particularly described on Exhibit "A" attached hereto;

Trustee further prays that said Property shall be sold free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363 (f) and/or (h), and § 725 in so far as they bear against the Property as referred to herein. Any liens, claims and encumbrances, except the first mortgage in favor of Bank of Louisiana, which shall be paid at the closing, shall be relegated to the proceeds of the sale of said Property to be paid in accordance with the provisions of the U.S. Bankruptcy Code,

and all such liens, claims, and encumbrances shall be canceled upon payment of the purchase price and sheriff, ex officio recorder of mortgages, and the Clerk of Court, for Orleans Parish shall be ordered to cancel any such inscriptions in so far as they bear against the Property referred to herein, including the following inscriptions:

1. MIN 1300575, Judgment in favor of Sessions, Fishman, et al. vs. Gerard P. McGovern, 4978.00 +, 9/26/18, CDC #2017-09156F, NA20119-16487;
2. MIN 1319242, Judgment in favor of Nidal Jaber, et al. vs. Gerard McGovern, et al., 2,230,801.46, 12/12/19, CDC #2018-12555 c/w 2016–10781;
3. MIN Instrument #1327447, Lis Pendens, Carrollton & Oak, LLC, et. al. vs. Gerard McGovern, CDC #2016-10781 c/w 2018-12555, filed 3/23/20 by Eric Oliverr Person, N.A. #2020-45703;
4. MIN 1355701, Judgment in favor of Robert G. Harvey, Sr., et al. vs. Gerard McGovern, et al., CDC #2019-7919, 38,935.15, 11/27/19, 21-12742; and
5. MIN 1357262, Judgment in favor of Prime Imports Co., Inc. vs. Gerard P. McGovern, CDC #2020-6225, 223,811.75 +, 4/7/21, NA2021-15414.

Trustee further prays for authority to pay the realtor's commission to Liza Whitfield of Latter & Blum at a commission rate in an amount equal to six (6%) percent of the first $100,000.00 plus four (4%) percent over the first $100,000.00 of the purchase price;

Trustee further prays for authority to pay appropriate seller's closing costs, plus all property taxes pro-rated through the date of sale;

Trustee further prays for authority to pay the first mortgage in favor of Bank of Louisiana;

Trustee further prays that Purchaser be recognized as a good faith purchaser, entitled to the protections of 11 U.S.C. §363 (m);

Trustee further prays that the Court waive the 14 day stay under Bankruptcy Rule 6004(h) and retain sole and exclusive personal subject matter jurisdiction to implement said sale and adjudicate all claims, controversies and/or disputes arising from or related to said sale;

Trustee, Wilbur J. "Bill" Babin, Jr., further prays for authority to execute any and all

documents necessary to effect said sale under the terms and conditions set forth herein;

And for all general and equitable relief as the nature of the case may permit.

RESPECTFULLY SUBMITTED:

*/s/ Wilbur J. "Bill" Babin, Jr.*
WILBUR J. "BILL" BABIN, JR. (Bar No. 1214)
TRUSTEE
3027 Ridgelake Drive
Metairie, LA 70002
Telephone: (504) 837-1230
Facsimile: (504) 832-0324