UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 21-10064 |
| | § | Jointly Administered with |
| BAYOU BYWATER LIVING, LLC; | § | CASE NO. 21-10065 |
| WEBSTER STREET HOLDING, LLC; | § | CASE NO. 21-10204 |
| RELDS, LLC; | § | CASE NO. 21-10205 |
| SOUTH CLAIBORNE HOLDINGS, LLC; | § | CASE NO. 21-11033 |
| AND | § | |
| GERARD MCGOVERN. | § | CHAPTER 7 |
| | § | |
| DEBTORS. | § | SECTION A |

**ORDER**

Trustee's *Motion for Authority To Sell Movable Property at Private Sale Free and Clear of All Liens, Claims and Encumbrances* (the "Motion"), [ECF Doc. 324], came on for hearing on the 9th day of March, 2022, at 1:00 P.M.

Appearances: As reflected in the record.

The Court considering all notice and hearing requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable law having been satisfied and further considering the law and evidence to be in favor of Trustee, it is:

**ORDERED** that the Motion is **GRANTED**;

**FURTHER ORDERED** that Trustee be and he is hereby authorized to sell the Debtor's fifty (50%) percent membership interest in Carrollton & Oak, LLC ("C & O Membership Interest"), to Nidal Jaber, for and in consideration of the purchase price of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS all cash, net to the Trustee, plus Nidal Jaber's obligation, as sole member of Carrollton & Oak, LLC, to cause Carrollton & Oak, LLC to reduce its ultimate claim in the bankruptcy case of Gerard McGovern [USBC, EDLA CASE NOS. 21-11033, 22-

1004] by fifty percent (50%) of its ultimate allowed amount ("the Agreed Reduction Obligation"), all as more particularly described in the Asset/Membership Interest Purchase Agreement attached hereto as Exhibit "A"; said sale shall close within twenty (20) days of the signing of this Order, unless otherwise extended by agreement between the Purchaser and the Trustee;

**FURTHER ORDERED** that the C & O Membership Interest shall be sold free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363 (f) and/or (h), and § 725 in so far as they bear against the C & O Membership Interest referred to herein. Any liens, claims and encumbrances, shall be relegated to the proceeds of the sale of said C & O Membership Interest to be paid in accordance with the provisions of the U.S. Bankruptcy Code.

**FURTHER ORDERED** that Purchaser be recognized as a good faith purchaser, entitled to the protections of 11 U.S.C. §363 (m);

**FURTHER ORDERED** that the C & O Membership Interest shall be sold "as is, where is" with no warranty whatsoever;

**FURTHER ORDERED** that the Court hereby waives the 14-day stay set forth in Bankruptcy Rule 6004(h) in order that the sale may take place prior to the expiration of such 14-day period;

**FURTHER ORDERED** that the sale shall further be on the terms and conditions set forth in the Asset/Membership Interest Purchase Agreement (Exhibit "A"), the provisions of which are incorporated herein;

**FURTHER ORDERED** that Trustee, Wilbur J. "Bill" Babin, Jr., be and he is hereby authorized to execute any and all documents necessary to effect said sale under the above-mentioned terms and conditions;

3

**FURTHER ORDERED** that Trustee shall serve this Order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, March 14, 2022.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

## ASSET/MEMBERSHIP INTEREST PURCHASE AGREEMENT

This Asset/Membership Interest Purchase Agreement ("Purchase Agreement") is entered into on the dates hereinafter indicated by and between Nidal Jaber (referred to as "Jaber" or "Purchaser"), the current owner of a 50% interest in Carrollton & Oak, LLC, and Wilbur J. Babin, Jr., appearing herein in his capacity as the duly appointed and acting Chapter 7 Bankruptcy Trustee of the BANKRUPTCY ESTATE OF GERARD McGOVERN., DEBTOR ("the Estate of McGovern"), CASE NO. 21-11033, SECTION A ("Bankruptcy Case") now pending in the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court") (referred to as "Trustee"). Jaber hereby agrees to purchase from Trustee any and all membership interest of the Estate of McGovern in Carrollton & Oak, LLC, believed to be a 50% interest of the whole ("the C&O Membership Interest") so as to make Jaber the sole member of Carrollton & Oak, LLC, subject to the terms and conditions stated herein.

### I. Consideration, Purchase Price, and Deposit

A. <u>Purchase Price</u>. The total Purchase price for the C&O Membership Interest is TEN THOUSAND and No/100th DOLLARS ($10,000.00) ("the Cash Portion") PLUS Jaber's obligation, as the sole member after acquiring the C&O Membership Interest, to cause Carrollton & Oak, LLC to reduce its ultimate claim in the Bankruptcy Case as may be determined by either final judgment of the Bankruptcy Court, which judgment is not stayed and is no longer subject to appeal or a motion for new trial, or by a Bankruptcy Court approval agreement among Jaber, the Trustee, and the Debtor, Gerard McGovern, by exactly 50% of its ultimate allowed amount ("the Agreed Reduction Obligation") (The Cash Portion and the Agreed Reduction Obligation constituting the full "Purchase Price"). The Cash Portion of the Purchase Price, less the Deposit (defined below), shall be paid by Jaber to Trustee by wire transfer, certified check, or cashier's check at the Closing (as defined in subpart III below).

B. <u>Deposit</u>. Contemporaneously with the execution of this Purchase Agreement, Jaber shall deposit with Trustee, a deposit of $5,000.00 of immediately available funds (the "Deposit"), to be held by Trustee and released and delivered to either Jaber or Trustee, as follows:

(1) if the Closing shall occur, the Deposit shall be applied towards the Purchase Price payable by Jaber to Trustee at the Closing;

(2) if the Closing shall not occur within the time specified, Trustee shall have the right to demand specific performance or, at Trustee's option, may notify Jaber that the deposit has been forfeited by Jaber and retained by Trustee as liquidated damages;

(3) if this Purchase Agreement is terminated due to the failure of Trustee to obtain a Sale Order within thirty (30) days of the date of this Purchase Agreement (or such longer time period as may be extended by mutual written agreement of Jaber and Trustee) or for any reason other than Jaber's fault, the Deposit shall be returned to Jaber within seven (7) business days of Jaber's written request, and this Purchase Agreement shall thereupon automatically terminate without any liability or further obligation on the part of Jaber or Trustee to the other and without the taking of any further action by Jaber or Trustee.

### II. Bankruptcy Court Approval

A. Jaber acknowledges that this Purchase Agreement is subject to, and conditioned upon, the approval of the Bankruptcy Court by the entry of an order ("Sale Order") approving this Purchase Agreement in the Bankruptcy Case.



B. The "Sale Order" shall provide, among other things, that (i) the C&O Membership Interest sold to Jaber pursuant to this Purchase Agreement shall be transferred to Jaber free and clear of any and all claims, liens, encumbrances, pledges, mortgages and UCC liens of any kind or nature; (ii) Jaber has acted in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code; (iii) this Purchase Agreement was negotiated, proposed and entered into by the parties without collusion, in good faith and from arm's length bargaining positions; (iv) the Bankruptcy Court shall retain jurisdiction to resolve any controversy or claim arising out of or relating to this Purchase Agreement, or the breach hereof; (v) this Purchase Agreement and the contemplated transactions may be specifically enforced against and are binding upon, and not subject to rejection or avoidance by, Trustee or any subsequent chapter 7 or chapter 11 trustee; (vi) this Purchase Agreement and the contemplated transactions may be specifically enforced against and are binding upon Jaber.

C. If Jaber has been in full compliance with its obligations under this Purchase Agreement prior to the hearing on approval by the Bankruptcy Court and the sale is not approved by the Bankruptcy Court, Trustee shall return the Deposit to Jaber within seven (7) business days of Jaber's written request, and this Purchase Agreement shall thereupon automatically terminate without any liability or further obligation on the part of Jaber or Trustee to the other and without the taking of any further action by Jaber or Trustee.

D. No later than five (5) calendar days following the execution of this Purchase Agreement by Trustee and Jaber, or by such later date as mutually agreed in writing between the parties, Trustee shall file with the Bankruptcy Court a motion seeking entry of the Sale Order, which motion shall be in form and substance reasonably acceptable to Jaber and Trustee ("Sale Motion"). Trustee also agrees to send notice thereof to all parties on the official mailing matrix for the Bankruptcy Case at the addresses listed on said matrix, by first class mail, postage prepaid (and to such other parties at such other addresses and by such other reasonable means requested of the Trustee in writing at least 48 hours prior to the mailing of such notices). However, as set forth below, Trustee makes no warranty whatsoever of any kind, including without limitation, no warranty as to the title or lien status of the C&O Membership Interest.

E. Jaber agrees that it will promptly take such actions as are reasonably requested by Trustee to assist in obtaining entry of the Sale Order, including furnishing affidavits or other documents or information for filing with the Bankruptcy Court for the purposes, among others, of demonstrating that Jaber is a "good faith" purchaser under Section 363(m) of the Bankruptcy Code. Jaber also agrees that Trustee may provide to potential third party bidders for the C&O Membership Interest such financial information relating to the C&O Membership Interest as will provide such third party bidders with adequate information to make a reasonably informed higher offer for the C&O Membership Interest.

F. Trustee agrees that the Sale Motion and notice shall provide that any person wishing to make a higher offer for the C&O Membership Interest must no later than seven days prior to the hearing on the Sale Motion (i) submit and file into the Bankruptcy Court record a response to the Sale Motion, in writing, setting forth the identity of the offering party and specifying the amount of the competing offer, which offer must be at least $5,000.00 higher than the $10,000.00 Purchase Price provided for herein and must provide that such person specifically agrees that, if the successful bidder, such person shall be bound to pay into the Bankruptcy Estate of McGovern an amount exactly equal to the value that the Agreed Reduction Obligation is ultimately determined to be within twenty (20) days of being notified by the Trustee of such determination and amount ("the Matching Obligation"), and (ii) provide the Trustee with a wire transfer or certified or cashier's check made payable to the Trustee a deposit of One Hundred Fifty

Thousand and No/100[th] Dollars ($150,000.00)[1] to be held by the Trustee to secure such person's performance of the Matching Obligation. Trustee shall retain ownership of the C & O Membership Interest until such time as the Matching Obligation is fully performed by such person. When the Matching Obligation has been fully performed, Trustee shall then convey the C & O Membership Interest to such person. Provided further, that the Trustee shall retain the full amount of the deposit as agreed damages if such person fails to fully and timely perform the Matching Obligation and the Trustee shall then be authorized to convey the C&O Membership Interest to the backup bidder. If Jaber shall not be the winning bidder and ultimate purchaser, he shall have no obligation to implement the Agreed Reduction Obligation, Carrollton & Oak, LLC reserving the entirety of its ultimate claim in the Bankruptcy Case and against McGovern, unless Jaber is the backup bidder and ultimately purchases the C&O Membership Interest as the backup bidder.

### III. Closing

A.  Closing (the "<u>Closing</u>") shall take place on a mutually agreed day and time at the expense of Jaber before Jaber's notary within twenty (20) days after entry of the Sale Order unless:

(1)  such Sale Order is actually stayed by entry of an order granting a stay. If an order granting a stay is entered, then Jaber shall close and pay the Purchase Price within five business days after the order of stay is vacated or modified to permit the Purchase to close; or

(2)  said period of time is extended by mutual agreement in writing signed by Jaber and Trustee.

B.  At the Closing, Trustee shall deliver to Jaber the following: (i) a Bill of Sale and Assignment which shall convey all of Trustee's right, title and interest in and to the C&O Membership Interest to Jaber without any warranty whatsoever; (ii) certified copy of the Sale Order; and (iii) such other documents as may be reasonably necessary and appropriate to consummate the Closing.

C.  At the Closing, Jaber shall (i) pay the Purchase Price less the Deposit by cashier's check, certified check, or wire transfer; and (ii) within five (5) business days following the closing, deliver to Trustee such documents as may be reasonably necessary and appropriate to consummate the Closing including such documentation that the trustee may reasonably require to evidence that Jaber has taken the necessary steps to implement the Agreed Reduction Obligation.

D.  Each party shall pay its own closing costs, attorneys' fees, and expenses each incurs and/or is assessed in connection with this Purchase Agreement and the Closing.

E.  Trustee and Jaber agree that the C&O Membership Interest shall be sold and that Jaber shall accept possession of the C&O Membership Interest on the Closing date "AS IS WHERE IS, WITH ALL FAULTS" with no right of set-off or reduction in the Purchase price and that, except as expressly set forth in this Purchase Agreement, such sale shall be without representation or warranty of Trustee of any kind, express or implied, including, without limitation, title, lien status, collectability of any claims, redhibitory defects pursuant to Louisiana Civil Code articles 2520, *et seq.*, uses, merchantability, or fitness for a particular purpose. Trustee does hereby disclaim and renounce any such representation or warranty, and Jaber specifically acknowledges that Jaber is not relying on any representations or warranties of any

---

[1] Carrollton & Oak, LLC initially paid $300,000 to obtain its sole asset (other than its claims against the Debtor), a lease with option to purchase, so the trustee and Nidal Jaber have agreed that 50% of that amount is a reasonable deposit to secure the performance of the Matching Obligation.

kind whatsoever, express or implied, from Trustee or any attorneys, agents, or brokers as to any matter concerning the C&O Membership Interest. Jaber acknowledges that the price of the C&O Membership Interest was negotiated based upon the present condition of the C&O Membership Interest.

**IV. Additional Provisions**

A. Default by Jaber. In the event Jaber fails to comply with this Purchase Agreement within the time specified, Trustee shall have the right to demand specific performance or, at Trustee's option, may retain the deposit as liquidated damages.

B. Inability to Convey: If Trustee is unable to consummate this Purchase Agreement for any reason other than Jaber's default, the sole obligation of Trustee shall be to refund the Deposit to Jaber, and upon such refund, this Purchase Agreement shall be considered canceled, whereupon neither party shall have any liability to the other hereunder and Estate of McGovern and McGovern himself shall not receive the benefit of the Agreed Reduction Obligation.

C. Duty to Cooperate. Trustee acknowledges that it is the intent of Jaber to acquire the entirety of the membership interest of the Estate of McGovern in Carrollton & Oak, LLC, including any portion of such interest that the Debtor may have transferred to another entity in which the Debtor had an interest prior to the commencement of the Bankruptcy Case. Accordingly, Trustee and Jaber agree to cooperate in good faith in fulfilling that intention, including executing all documents necessary to, and any such additional actions, reasonably necessary and appropriate to effectuate or implement the terms and intent of this Agreement.

D. Amendment. This Purchase Agreement represents the parties' entire agreement. It supersedes all prior statements, negotiations and agreements, whether written or oral. This Purchase Agreement may not be amended, altered or modified except by a written instrument executed by Jaber and Trustee.

E. Attorneys' Fees. If litigation arises out of or in connection with enforcement of this Purchase Agreement, the prevailing party shall be entitled to recover its litigation costs, including expert witness fees and attorneys' fees.

F. Execution: This Purchase Agreement may be signed by different parties on different counterpart copies hereof and said counterparts shall together constitute a single agreement. An electronically circulated Purchase Agreement and signature page shall be sufficient to bind the Parties to the Agreement. The Parties expressly agree that faxed signatures, scanned signatures and/or signatures on PDF (Portable Document Format) shall be deemed originals for purposes of this Purchase Agreement.

G. Higher Offers: Jaber acknowledges that Trustee is obligated under applicable bankruptcy law to continue to solicit offers for the Purchase of the C&O Membership Interest and to cooperate with third parties who may be interested in acquiring the C&O Membership Interest until such time as the sale has been approved and authorized by the Bankruptcy Court. In view of the foregoing, Jaber agrees that Trustee shall not have any liability to Jaber as a consequence of his continuing to solicit bids for the C&O Membership Interest *provided that such bids comply with the requirements of Section II.F. above*, or as a consequence of his cooperating with third parties who may be seeking information in connection with a potential purchase of the C&O Membership Interest, until such time as this sale is authorized and approved by the Bankruptcy Court.

Agreed and accepted this 15TH day of February, 2022.

                                        BANKRUPTCY ESTATE OF GERALD
                                        MCGOVERN, CASE NO. 21-11033

                                        By: _____
                                             Wilbur J. Babin, Jr., Chapter 7 Trustee

Agreed and accepted this 15th day of February, 2022.

_____
Nidal Jaber