# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| BAYOU BYWATER LIVING, LLC | CASE NO.: 21-10064 Jointly Administered with |
| WEBSTER STREET HOLDINGS, LLC | CASE NO.: 21-10065 |
| RELDS, LLC | CASE NO.: 21-10204 |
| SOUTH CLAIBORNE HOLDINGS, LLC | CASE NO.: 21-10205 |
| GERARD McGOVERN | CASE NO.: 21-11033 |
| DEBTORS | SECTION "A" |
| | CHAPTER 7 |

## RESPONSE TO DEBTOR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR EMPLOYMENT OF SPECIAL COUNSEL

**NOW INTO COURT**, through undersigned counsel, comes Carrollton & Oak, LLC (C&O), a creditor[1] of the Debtor in the bankruptcy case styled as *In re Gerard McGovern* (Case No. 21-11033) (collectively, the "McGovern Case"), who hereby responds to the *Supplemental Memorandum (Doc. 504) ("The Memorandum") in Support of Nunc Pro Tunc Ex Parte Motion for Employment of Special Counsel on Behalf of Bankruptcy Estate and Application for First and Final Payment of Special Counsel Fees as Administrative Claim of Estate* (Doc. 480) ("the Motion") filed by Gerard McGovern, a debtor herein, ("Debtor") and in support thereof respectfully submits:

1.

C&O has previously objected to the Motion to the extent it seeks to grant the Debtor's counsel a claim that would have priority in payment to the allowed claim of C&O in the amount of $1,200,000 and reasserts that objection.

---

[1] See Proof of Claim No. 13 and Adversary Case No. 22-01004 styled *Carrollton & Oak, LLC v Gerard McGovern.*

2.

The Motion provided no authority for the concept of the Debtor's general counsel being paid as an administrative claim in a Chapter 7 bankruptcy and C&O's counsel knows of no such authority. Moreover, the tardily filed Memorandum fails to provide any new statutory or jurisprudential authority supporting the notion that Debtor's counsel in a Chapter 7 case can be granted an allowed administrative claim for fees and expenses except after such counsel has been retained by the Chapter 7 Trustee with court approval under Section 327 of the Bankruptcy Code.

3.

In *Lamie v United States Trustee*, 540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2nd 1024 (2004), the Supreme Court made it emphatically clear that Debtor's attorneys generally may not be paid from estate funds in a Chapter 7 case. That remains the law today and the Chapter 7 Trustee simply has not sought to employ Debtor's counsel as counsel for the trustee in this case.

4.

In an effort to make and end run around the *Lamie* decision, the Debtor's memorandum asks this court to award his attorney fees and expenses under Sections 503(b)(3) and (4) of the Bankruptcy Code. Unfortunately, the Debtor simply does not qualify as an entity that could seek compensation under Section 503(b)(3) and therefore his counsel does not qualify as an entity that can seek fees and expenses under Section 503(b)(4) based upon the plain reading of those sections.

5.

Section 503(b)(4) provides administrative expense status for the cost of professional services rendered to an entity whose expenses are allowable under subsection (A), (B), (C), (D) or (E) of Section 503(b)(3). Simply put, the Debtor is not an entity that may recover expenses under

any of the those sections- Sections 503(b)(3)(A), (B), and (C) require the entity to be a "creditor;" Section 503(b)(3)(D) applies only to a "creditor," "an indenture trustee," or an unofficial "committee" (moreover, that subsection is limited to Chapter 9 or 11 cases); finally, Section 503(b)(3)(E) applies only to a "custodian."

6.

Accordingly, since the Debtor himself could not seek recovery under Section 503(b)(3), his counsel likewise may not seek recovery under Section 503(b)(4).

7.

As previously stated, Debtor's counsel should be paid by the Debtor from any surplus that the Debtor may receive in the McGovern Case when and if that surplus becomes available, not as an administrative claim with priority over the Debtor's own creditors.

WHEREFORE, Carrollton & Oak, LLC prays the Motion be denied and, for any and all other relief to which Carrollton & Oak, LLC may be entitled.

Respectfully submitted,

/s/ William E. Steffes
William E. Steffes, LA Bar No. 12426
THE STEFFES FIRM, LLC
13702 Coursey Blvd., Bldg. 3
Baton Rouge, LA 70817
Telephone: (225) 751-1751
Facsimile: (225) 341-1241
E-mail: bsteffes@steffeslaw.com

*Attorneys for Carrollton & Oak, LLC*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE:

BAYOU BYWATER LIVING, LLC
WEBSTER STREET HOLDINGS, LLC
RELDS, LLC
SOUTH CLAIBORNE HOLDINGS, LLC
GERARD McGOVERN

      DEBTORS

CASE NO.: 21-10064
Jointly Administered with
CASE NO.: 21-10065
CASE NO.: 21-10204
CASE NO.: 21-10205
CASE NO.: 21-11033

SECTION "A"

CHAPTER 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Response was this day served via e-mail through this Court's electronic CM/ECF filing system as shown below:

    Herschel C. Adcock – bknotices@hca.law
    Wilbur J. (Bill) Babin, Jr. – trusteebabin@wjbabin.com
    Armando R. Baralt – metairielawyer@gmail.com
    Christy Bergeron – Christy.Bergeron@usdoj.gov
    Greta Brouphy - gmb@hellerdraper.com
    Robin B. Cheatham – cheathamrb@arlaw.com
    William G. Cherbonnier, Jr. – wgc@billcherbonnier.com
    Leo Congeni – leo@congenilawfirm.com
    Jonathan R. DeTrinis – jon@detlawfirm.com
    Albert J. Derbes, IV – ajdiv@derbeslaw.com
    Patrick Garrity – pgarrity@derbeslaw.com
    Barry Grodsky - bgrodsky@taggartmortion.com
    DaShawn Hayes – dphayesesquire@gmail.com
    Amelia L. Hurt – amelia.hurt@kellyhart.com
    Darryl T. Landwehr – dtlandwehr@att.net
    Fernand Laudumiey, IV – laudumiey@chaffe.com
    Clay LeGros – clegros@newmanmathis.com
    Wayne Maiorana, Jr. – tmaiorana@newmanmathis.com
    Richard W. Martinez – richard@rwmaplc.com
    Joshua Mathews – josh@mlgnola.com
    David Messina – messina@chaffe.com

Eric Oliver Person – eric@eoplaw.net
Barbara Rivera-Fulton – barbarafulton2015@gmail.com
Richard A. Rozanski – richard@rarlaw.net
David M. Serio – dserio@derbeslaw.com
Irl R. Silverstein – irl@silversteinlawplc.com
Earl F. Sundmaker – trey@sundmakerfirm.com
Jeffrey Michael Toepfer – jtoepfer@newmanmathis.com
Office of the US Trustee – USTPRegion05.NR.ECF@usdoj.gov
Justina A. Zitler – jazitler@bellsouth.net

Baton Rouge, Louisiana, January 18, 2023

       /s/ Chad E. Biggs
       CHAD E. BIGGS