**Fill in this information to identify the case:**

Debtor 1 __Tommy Ngo__

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of Louisiana ▼

Case number __22-11179__

## Official Form 410

# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---------|--------------------|

**1. Who is the current creditor?**

Carrollton & Oak, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Nidal Jaber
Name

1539 Jackson Avenue, Suite 100
Number     Street

New Orleans          LA          70130
City          State          ZIP Code

Contact phone _____

Contact email  magnolia_discount_81@yahoo.com

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____
Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410          Proof of Claim          page 1

EXHIBIT
PROOF OF
CLAIM #2

**Part 2:** *Give Information About the Claim as of the Date the Case Was Filed*

**6** Do you have any number you use to identify the debtor?

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7** How much is the claim? $ _____6,455,889.19__. Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8** What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____Damages incurred from 2019 — See attached judgment_____

**9** Is all or part of the claim secured?

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _All immovable property and improvements thereon owned or in the name of the Debtor in Orleans and Jefferson Parish_

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ Unknown

Amount of the claim that is secured: $ 6,455,889.19

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10** Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11** Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/02/2022
             MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Nidal Jaber |
| | First name       Middle name       Last name |
| Title | Manager |
| Company | Carrollton & Oak, LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 1539 Jackson Avenue, Suite 100 |
| | Number     Street |
| | New Orleans          LA      70130 |
| | City                  State      ZIP Code |
| Contact phone | _____     Email magnolia_discount_81@yahoo.com |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2017-00972          DIV. "F"                    SECTION "14"

CARROLTON & OAK, LLC

V.

NGUYEN, NGA A/K/A NGUYEN, KATHY

D/B/A PHO BISTREAUX RESTURANT ET AL

FILED: _____          _____
                                                            DEPUTY CLERK

## JUDGMENT

This matter came for a bench trial on March 30, March 31, April 1, April 5, April 11, and

April 12, 2022.

| | | |
|---|---|---|
| PRESENT: | Michael G. Bagneris<br>Eric O. Person | Attorneys for Plaintiff,<br>Carrollton & Oak, LLC |
| | Rene Sabathier | Attorney for Defendants<br>Nga Nguyen, a/k/a Kathy Nguyen d/b/a<br>Pho Bistreaux Restaurant, Joseph M. Nguyen<br>and Tin Nguyen ("Pho Bistreaux") |
| | Allison Johnson<br>Connie P. Trieu<br>Zachary T. LaMachio | Attorneys for Defendant<br>Tommy Ngo |

After hearing the testimony at trial, hearing the arguments of counsel, reviewing the

evidence, and for the reasons assigned, the Court renders judgment as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendant, Tommy Ngo, hereby

**WAIVES** his right to damages as expressly stated and confirmed on the record by Counsel for

Defendant, Attorneys Connie P. Trieu and Zachary T. LaMachio on April 12, 2022.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Judgment is hereby

entered in favor of Plaintiff, Carrollton & Oak, LLC, and against Defendant, Tommy Ngo, for

damages related to **RENOVATIONS & NECESSARY COST TO REPAIR THE**

**PROPERTY**, for the property bearing municipal number 1200 South Carrollton Avenue, New

Orleans, Louisiana, in the amount of **FOUR MILLION NINE-HUNDRED AND FOURTY-**

**EIGHT THOUSAND EIGHT-HUNDRED AND SEVENTY-FIVE DOLLARS AND ZERO**

**CENTS ($4,948,875.00).**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Judgment is hereby

entered in favor of Plaintiff, Carrollton & Oak, LLC, and against Defendant, Tommy Ngo, for

damages related to **SHORT TERM RENTAL LOSS OF INCOME**, for the property bearing

municipal number 1200 South Carrollton Avenue, New Orleans, Louisiana, in the amount of **ONE**

MILLION SIXTY-TWO THOUSAND FIVE-HUNDRED AND ONE DOLLARS AND ZERO CENTS ($1,062,501.00).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is hereby entered in favor of Plaintiff, Carrollton & Oak, LLC, and against Defendant, Tommy Ngo, for damages related to **COMMERCIAL & RESIDENTIAL LOSS OF INCOME**, for the property bearing municipal number 1200 South Carrollton Avenue, New Orleans, Louisiana, in the amount of **FOUR HUNDRED AND TWENTY-SEVEN THOUSAND DOLLARS AND ZERO CENTS ($427,000.00)**.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is hereby entered in favor of Plaintiff, Carrollton & Oak, LLC, and against Defendant, Tommy Ngo, for damages related to **PAST DUE UTILITY BILLS**, for the property bearing municipal number 1200 South Carrollton Avenue, New Orleans, Louisiana, in the amount of **SEVENTEEN THOUSAND FIVE-HUNDRED AND THIRTEEN DOLLARS AND NINETEEN CENTS ($17,513.19)**.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above award is with interest from the date of judicial demand until paid, against Defendant Tommy Ngo.

JUDGMENT READ, RENDERED, AND SIGNED in New Orleans, Louisiana, this 28rd day of May, 2022.

JUDGE JENNIFER M. MEDLEY, DIVISION F

Chelsea V. Hale, Esq.
Law Clerk, Division F
A TRUE COPY

Civil District Court
Parish of Orleans, State of La.

**Civil District Court for the Parish of Orleans**
**STATE OF LOUISIANA**

No: 2017 - 00972
    2019 - 03281

Division/Section: F-14

CARROLLTON & OAK, LLC ET AL
versus
NGUYEN, NGA A/K/A NGUYEN, KATHY D/B/A PHO BISTREAUX RESTAURANT   ET AL

Date Case Filed: 1/31/2017

NOTICE OF SIGNING OF JUDGMENT

TO:

Michael G Bagneris Esq       02658
935 Gravier Street
1702
New Orleans, LA 70112

Eric O Person Esq      10530
1539 Jackson Avenue, Suite 100
New Orleans, LA 70130

Connie P Trieu Esq       30312
1800 Carol Sue Ave
Suite 7
Gretna, LA 70056

Allison J Johnson Esq       36207
1800 Carol Sue Ave.
Suite 7
Gretna, LA 70056

Zachary T Lamachio Esq       39432
1800 Carol Sue Ave Ste 7
Gretna, LA 70056

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment in the above entitled and numbered cause was signed on May 13 2022

Chelsea V Hale Esq.
Law Clerk, Division "F"

New Orleans, Louisiana
May 26, 2022

Civil District Court
Parish of Orleans, State of La.

**EXHIBIT**
**"A"**
11 PGS IN GLOBO

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2017-00972                    DIV. "F"                    SECTION "14"

CARROLTON & OAK, LLC

V.

NGUYEN, NGA A/K/A NGUYEN, KATHY

D/B/A PHO BISTREAUX RESTURANT ET AL

FILED: _____          _____
                                                    DEPUTY CLERK

### JUDGMENT

This matter came for a bench trial on March 30, March 31, April 1, April 5, April 11, and April 12, 2022.

| PRESENT: | | |
|---|---|---|
| | Michael G. Bagneris<br>Eric O. Person | Attorneys for Plaintiff,<br>Carrollton & Oak, LLC |
| | Rene Sabathier | Attorney for Defendants<br>Nga Nguyen, a/k/a Kathy Nguyen d/b/a<br>Pho Bistreaux Restaurant, Joseph M. Nguyen<br>and Tin Nguyen ("Pho Bistreaux") |
| | Allison Johnson<br>Connie P. Trieu<br>Zachary T. LaMachio | Attorneys for Defendant<br>Tommy Ngo |

After hearing the testimony at trial, hearing the arguments of counsel, reviewing the evidence, and for the reasons assigned, the Court renders judgment as follows:

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the *Motion for Involuntary Dismissal on Directed Verdict,* filed on behalf of Defendant, Tommy Ngo on April 5, 2022, is hereby **DENIED.**

**IT IS ORDERED, ADJUDGED AND DECREED** that the *Re-Urged Motion for Directed Verdict,* or *Motion for Involuntary Dismissal*, made on oral motion on behalf of Plaintiff, Carrollton & Oak, LLC, on April 5, 2022, is hereby **GRANTED.**[1] This Court finds that Plaintiff, Carrollton & Oak, LLC, did not exercise the Option to Purchase real property subject to said Lease with Option to Purchase and titled to Defendant, Tommy Ngo bearing municipal number 1200 South Carrollton Avenue, New Orleans, Louisiana.

*[SIGNATURE BLOCK ON FOLLOWING PAGE.]*

---

[1] This Court acknowledges the common-practice of attorneys to inter-changeably reference a motion for involuntary dismissal to that of a motion for directed verdict. Plaintiffs' counsel interchangeably used and reference both an involuntary dismissal and directed verdict during oral arguments at trial, as Defendant also did in his written motion and oral argument.

**JUDGMENT READ, RENDERED, AND SIGNED** in New Orleans, Louisiana, this
_23rd_ day of May, 2022.

JUDGE JENNIFER M. MEDLEY, DIVISION F

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2017-00972                    DIV. "F"                    SECTION "14"

CARROLTON & OAK, LLC

V.

NGUYEN, NGA A/K/A NGUYEN, KATHY

D/B/A PHO BISTREAUX RESTURANT ET AL

FILED: _____

_____

DEPUTY CLERK

REASONS FOR JUDGMENT

A brief history is important as this has been a long and contested action by all parties. This matter came for a bench trial on March 30, March 31, April 1, April 5, April 11, and April 12, 2022 to resolve the remaining two issues returned by the Fourth Circuit on August 10, 2021. Those issues were 1) Whether the option to purchase the property at 1200 S. Carrollton Ave had been exercised and 2) How much in damages is owed by each party. This court heard trial testimony in that order.

On April 5, 2022, Defendant, Tommy Ngo, filed a *Motion for Involuntary Dismissal on Directed Verdict.* On April 11, 2022, at the close of its case-in-chief, Plaintiff, Carrolton & Oak, LLC orally moved to *Re-Urge* its *Motion for Directed Verdict,* in which this Court had previously taken under advisement. On April 11, 2022, this Court granted the *Motion* finding that the option to purchase had not been exercised by Plaintiff, leaving testimony as to damages suffered by each party left for adjudication. The Court then denied the Defendant's *Motion* that was filed on April 5, 2022. After rendering its verdicts on the record, the Court asked for testimony and argument related to the issue of damages to proceed to trial. Counsel for Defendant asked for a stay to appeal the court's denial, which this court denied. The issues above were bifurcated by the parties prior to the trial, therefore any testimony could continue as to damages while appealing the first issue. However, Counsel for Defendant, Tommy Ngo, chose not to go forward on damages and waived his right to those damages related to trial on the merits in this proceeding. Defendant Tommy Ngo submitted the case for consideration on the evidence already submitted on the record.

As the Fourth Circuit Court of Appeal stated in its Decree relevant to the present case at hand issued on August 10, 2021, in Major Commodity Corp. v. Cunningham,

> ... an option to buy or to sell ... is defined by La. C.C. art. 2620[] as "a contract whereby one party gives to another the right to accept an offer to sell, or to buy, a thing within a stipulated time." That article further provides that the option "must set forth the thing and the price, and meet the formal requirements of the sale it

contemplates." This Court has recognized that an option to buy must "'be evidenced by a written instrument' but the unqualified acceptance thereof [must] be evidenced in writing, giving full recognition to and in accordance with the terms and conditions of the proposal, and formally exercised and tendered to the proposer prior to the expiration date of the stipulated time."[2]

*Keyes v. Brown,* 14-0821, p. 10 (La.App. 4 Cir. 1/28/15), 158 So.3d 927, 933.

Additionally, in the "LEASE WITH OPTION TO PURCHASE" executed by and between Plaintiff, Carrollton & Oak, LLC (Tenant) and Defendant, Tommy Ngo (Landlord) on April 24, 2014, "ARTICLE XVIII MISCELLANEOUS PROVISIONS. Section 25. Option to Purchase." Provides,

> For and in consideration of the payment of $300,000 (the "Option Fee") by Tenant to Landlord upon the execution of this Lease with Option to Purchase, the receipt and sufficiency of which is hereby acknowledged, at any time during the term of this Lease, Landlord grants to tenant the exclusive right, privilege and option to buy and purchase... for the price and upon the terms hereinafter set forth, the Leased Premises:
>
> a) In the event Tenant exercises his option herein granted, Tenant will notify Landlord in writing of the exercise of said option by delivering such written notice to Landlord as provided in the Notice section above;
>
> b) This agreement is NOT an Agreement to Purchase, in the event that Tenant notifies Landlord of Tenant's intention to exercise said option to purchase then, in that event, the parties agree to execute an Agreement to Purchase to include the terms and conditions listed in this Section;
>
> c) If this Option is exercised by Tenant (the "Tenant's Purchase") the purchase price shall be $1,750,000 (the "Purchase Price"); and, the Option Fee shall be credited to the Purchase Price...

The trial testimony of Plaintiff, a 100% owner, Nidal Jaber, and the Defendant, Tommy Ngo, along with the Lease with Option to Purchase, confirmed and proved that Plaintiff, Carrollton & Oak, LLC did not provide written notice to Defendant evidencing Plaintiff's intention to exercise the option to purchase, the parties never executed a subsequent agreement to purchase, and hold a closing according to the agreement. Plaintiff, Carrollton & Oak provided specific supporting facts demonstrating the only monetary incentives imposed on Plaintiff in favor of Defendant was the $312,500.00 to purchase the Option to Purchase provision contained in the Lease Agreement executed by and between the parties.

This Court acknowledges the common-practice of attorneys to inter-changeably reference a motion for involuntary dismissal to that of a motion for directed verdict. Plaintiffs' counsel interchangeably used and reference both an involuntary dismissal and directed verdict during oral arguments at trial, as Defendant also did in his written motion and oral argument. As such, this

---

[2] See *Major Commodity Corp. v. Cunningham,* 555 So.2d 525, 527-28 (La.App. 4 Cir. 1989) (Citations omitted.).

Court will only address the law on an involuntary dismissal, as that is the proper procedure for a trial wherein the Judge is the trier-of-fact. Louisiana Code of Civil Procedure Article 1672(B) governs motions for involuntary dismissal and provides,

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

To decide a motion for voluntary dismissal under Louisiana Code of Civil Procedure Article 1672(B), the trial court should weigh and evaluate all the evidence presented by the plaintiff and then determine from that evaluation whether the plaintiff established a *prima facie* case.[3]

This Court finds after a six day trial, testimonial evidence, and the presentation of Plaintiffs' case-in-chief, Plaintiff established a prima facie case. "[t]he record and all reasonable inferences that may be drawn from it in the light most favorable to the [Defendant]," supports the finding that Plaintiff did not exercise the Option to Purchase.[4] Therefore, Plaintiffs oral *Motion for Directed Verdict* is granted wherein this Court concluded Plaintiff did not exercise this Option in accordance with the terms of the Lease with Option to Purchase.

On direct examination of Plaintiff's 100% owner, Nidal Jaber, Plaintiff's Counsel offered, filed, and introduced Exhibit P-27, "Documents Regarding Cure of Default." This Exhibit included a *Receipt* whereby Defendant, Tommy Ngo signed, on April 9, 2019, and acknowledged that said *Receipt* for $45,083.27 "cure[d] any and all claims of default, past and present, against Carrollton & Oak, LLC." Defendant, Tommy Ngo also identified the Receipt and his signature on this Exhibit during his direct examination testimony by Plaintiff's Counsel. On cross-examination of Mr. Jaber, Defense Counsel laid a foundation, asked questions, and had excerpts from Mr. Jabers' deposition testimony read into the record. However, Defense Counsels line of questions related to issues and events that took place prior to April 30, 2019. At this time, Plaintiffs' Counsel objected to the line of questioning on grounds of relevancy. As the *Receipt* cured any and all defaults Plaintiff incurred as of April 30, 2019, Defense Counsel was prohibited from asking questions or making arguments related to issues and events prior to April 30, 2019.

---

[3] See *Mayes v. State*, 685 So.2d 497 (La. Ct. App. 3d Cir. 1996); *Super Fresh/Sav-A-Center, Inc. v. Ashley-Bickham Baker*, 655 So.2d 531 (La. Ct. App. 1st Cir. 1995); *Morgan v. City of New Orleans*, 647 So.2d 1308 (La. Ct. App. 4th Cir. 1994).
[4] See *Hines v. Garrett*, 04-0806, p.1 (La. 6/25/04), 876 So.2d 764, 765).

In response to this Courts exclusion of this line of questioning, Defense Counsel moved to proffer evidence pursuant to Louisiana Code of Civil Procedure Article 1636. On the record, Defense Counsel made a statement setting forth the nature of the evidentiary value of being able to proffer the cross-examination of Mr. Jaber on issues prior to April 30, 2019. Following this statement of record, this Court denied Defendants request to proffer evidence as the deposition testimony of Mr. Jaber had already been admitted and accepted into evidence and Mr. Jaber had already answered and read deposition testimony related to events prior to April 30, 2019. After this Court's denial of proffer testimony, Defense Counsel objected to this Courts' ruling.

In *Gulf Outlet Marina, Inc. v. Spain*, the Fourth Circuit Court of Appeal reviewed a dispute between a landlord and tenant, wherein the district court awarded the plaintiff-appellee past due rent and expenses incurred for the preservation of a boat slip and all costs.[5] On Appeal, the Fourth Circuit used *Anderson v. Casualty Reciprocal Exchange, 602 So.2d 282, 284 (La.App. 2 Cir. 1992),* for its analysis of a proffer by providing,

> La. C.C.P. art. 1636(A) provides: when the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, **or permit the party to make a statement setting forth the nature of the evidence.** [Emphasis added.] ... [a]ccording to LSA-C.C.P. Art. 1636, "when a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting for the nature of the evidence." ... LSA C.C.P. Art. 1636 is mandatory, not discretionary. *Hopkins v. Department of Highways, 350 So.2d 1271 (La.App. 3d Cir. 1977), on remand 364 so.2d 616, writ denied 365 So.2d 262; Liberty Mutual Ins. Co. v. Bryant, 191 So.2d 747 (La.App. 2nd Cir. 1996), writ denied 250 La. 16, 193 So.2d 528.* However, the trial judge has the discretion to receive the proffer in full, or to require a statement setting forth the nature of the evidence. LSA-C.C.P. Art. 1636... *Id.* This court agrees with *Anderson* that the opportunity to proffer excluded evidence is mandatory under La. C.C.P. art. 1636, but the trial court has the discretion to receive the proffer in full, **or to require a statement setting forth the nature of the evidence.** *Martin v. Esponge, 388 So.2d 128, 130 (La.App. 1 Cir. 1980),* is consistent with the Anderson court's conclusion that limiting the proffer to a statement of the nature of the excluded evidence rather than the reception of the evidence in full is sufficient under La. C.C.P. art. 636: **The appellant is not prejudiced by a trial judge's limiting his proffer to a statement setting forth the nature of the evidence rather than allowing him to make a complete record thereof,** since the appellate court will remand for completion of the record if, in the former case, the evidence excluded is ruled inadmissible. [Emphasis added.] Id. **This Court agrees with both *Anderson* and *Martin* that a statement setting forth the nature of the excluded evidence is sufficient and within the discretion of the trial court.** [Emphasis added.]

---

[5] See *Gulf Outlet Marina, Inc. v. Spain, 2002-1589 (La. App. 4 Cir. 6/25/03), 854 So. 2d 386, 387, writ denied, 2003-2075 (La. 11/7/03), 857 So. 2d 497.*

Louisiana Evidence Code Article 103(A)(2) provides,

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and when the ruling is one excluding evidence, the substance of the evidence was made known to the court by counsel.

The legislative comments to Paragraph B of Article 103(A)(2) provides this Article generally follows Federal Rule of Evidence 103(a). However, this Article "continues the general requirements in Louisiana law that there be a contemporaneous objection." Despite Louisiana Evidence Code Article 103(A) not specifically refering to "proffers" or "offers of proof," Federal Evidence Code Article 103(a) does when it provides,

> A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.

The intent of an objection to the admission or exclusion of evidence is preservation of error for appellate review, since Louisiana Evidence Code Article 103 provides error may not be predicated on a ruling admitting [or excluding] evidence unless a timely objection is made on the record. Additionally, to appeal from an erroneous trial court ruling excluding evidence, the reason for the objection must be brought to the attention of the court in such a manner as to allow the court to make a proper ruling and to prevent or cure any error. For a litigant to preserve the right to appeal an erroneous trial court ruling excluding evidence, the adverse party affected by the exclusion must make a timely objection.

As previously stated, Counsel for Defendant timely stated his objection for the record and a statement laying the evidentiary foundation for that objection to this Court's exclusion of questions related to issues and events prior to the cured default date of April 30, 2019. Counsel for Defendant incorrectly argued Defendant had the right to complete the record for appellate review. However, this Court—and the Fourth Circuit Court in *Anderson* and *Martin*—rejected this contention which is inconsistent with Louisiana Evidence Code Article 103, the Federal Rules of Evidence Article 103(A), and Louisiana Code of Civil Procedure Article 1636. This Court, like the Fourth Circuit held in *Gulf Outlet Marina, Inc. v. Spain*, limited the Defendants opportunity to proffer evidence through a concise statement setting forth the nature of said evidence *in addition to* Defense Counsel making a timely objection to the exclusion of this line of cross-examination questioning.

Following this Court partially granting Plaintiffs *Re-Urged Motion for Directed Verdict*, Defendant moved to proffer the testimony of Plaintiffs' 100% owner, Nidal Jaber, Defendant, Tommy Ngo, fact-witness Rose Nguyen a.k.a Rose Nguyen Ngo, and fact-witness known as Lexi Ngo (Defendant Ngo's daughter). In essence, Defendant wanted to proffer his entire case-in-chief onto the record and re-cross-examine Mr. Jaber.

In *Gulf Outlet Marina, Inc. v. Spain*, the Fourth Circuit also concluded,

> ... had the trial court allowed the proffer, this court would not have reversed the trial court's decision to exclude the evidence... the trial judge did not abuse his discretion in refusing to allow amendment of the pre-trial order, and in excluding the testimony at issue on the basis that the witnesses were not named in that order. Thus, even if the trial court had allowed the proffer, we would not have considered the testimony in this appeal. Therefore, the trial judge's refusal to allow the proffer, under the circumstances of this case, is harmless error.[6] [Emphasis added.]

The proffered testimony of Defendants case-in-chief was procedurally defective and unnecessary for this Court to make a ruling on Plaintiffs' *Re-Urged Motion for Directed Verdict*. During the course of Plaintiff's case-in-chief, evidence was presented to establish facts necessary to prove Plaintiff did not exercise the Option to Purchase the property at issue. Plaintiff introduced undisputed facts, namely: (1) Plaintiff (Tenant) did not notify Defendant (Landlord) in writing of him exercising the Option; (2) the parties did not execute a subsequent Agreement to Purchase to include specific terms and conditions of the purchase; and (3) Plaintiff did not provide Defendant with the purchase price of $1,750,000.00. Additionally, Plaintiffs laid the foundation for all exhibits offered, filed, and introduced into the record; introduced evidence that was relevant, authentic, not hearsay, and otherwise admissible under the code of evidence; and attested to or rebutted the credibility of each witness placed on the stand in favor of Plaintiffs' case-in-chief. The Plaintiffs' case-in-chief was so compelling before this Court that to allow Defendant to proffer his case-in-chief would have bared no weight in consequence or consideration in comparison to the evidence offered in favor of granting the *Re-urged Motion for Directed Verdict*.

After the conclusion of Plaintiff's direct examination of Defendant, Tommy Ngo and Plaintiff's 100% owner, Nidal Jaber, defense counsel had the right to and opportunity to cross-examine both witnesses. Louisiana Evidence Code 611(B) governs the scope of cross-examination. Louisiana Evidence Code 611(B) provides,

---

[6] See *Gulf Outlet Marina, Inc. v. Spain*, 2002-1589 (La. App. 4 Cir. 6/25/03), 854 So. 2d 386, 393, writ denied, 2003-2075 (La. 11/7/03), 857 So. 2d 497.

> A witness may be crossed examined on any matter relevant to any issue in the case, including credibility. However, in a civil case, when a party or person identified with **a party has been called as a witness by an adverse party to testify only as to particular aspects of the case, the court shall limit the scope of cross-examination to matters testified to on direct examination,** unless the interests of justice otherwise require. [Emphasis added.]

During both Plaintiff and Defendants cross-examination, Counsel for Defendant sought to expand the pleadings, expand Plaintiffs' direct examination, and expand the issues reserved for trial.

Louisiana Code of Civil Procedure Article 1154 provides,

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission if such evidence would prejudice him in maintaining his action or defense of the merits...

Plaintiff and Defendant were both called as witnesses for direct examination by Plaintiffs' Counsel. Defendant, as the adverse party, was only permitted to answer questions on cross-examination that were raised, addressed, and testified to on direct examination. At no time during this trial, did Plaintiff or Plaintiffs' Counsel express or imply consent to expand the issues not previously raised in the pleadings. Specifically, Plaintiffs' Counsel objected to any and all questions asked during cross-examination that were not raised on direct as being prejudicial to Plaintiff who was not put on notice of these issues and allegations in such a manner as to adequately and fairly prepare for trial. Additionally, this Court fails to acknowledge or find that the presentation of the merits of the issued reserved for trial warranted or would be subserved by an expansion of the pleadings during the course of trial.

Defendants *Motion for Involuntary Dismissal on Directed Verdict* was denied as this Court declined to find that, upon the facts and law presented, Plaintiff has shown no right to relief. Likewise, Defendants Motion was denied as the evidence, taken as a whole, indicated Plaintiff established his case by a preponderance of the evidence, meaning Plaintiff's evidence rendered the existence of the fact or cause sought to be proved more probable than not.[7] The allegations and arguments presented in Defendants *Motion* expanded the nature of the Pleadings and the issued

---

[7] See *Hawthorn v. L'Hoste, 664 So.2d 1335 (La. Ct. App. 4th Cir. 1995).*

reserved for trial on the merits. Subsequent to this Court granting the Plaintiffs *Motion*, Defendant attempted to proffer his entire case in chief. Generally, a defendant who asserts a motion for involuntary dismissal does not waive the right to present evidence should the motion be denied. Although Defendant did not waive his right to present evidence after the denial of his *Motion*, Defendants case-in-chief was declared moot when Plaintiffs' *Motion for Directed Verdict* was granted by this Court on April 11, 2022. Upon the granting of Plaintiffs' *Motion*, Defendants counsel stated their objection for the record, on more than one instance, thus preserving Defendants right to appellate review.

Finally, this Court is inclined to note Counsel for Defendant was afforded Defendants right to proffer evidence during the duration of trial on April 1 and April 5, 2022. Pursuant to the Louisiana Code of Civil Procedure and case law, Counsel for Defendant was not prejudiced by this Court limiting said proffers to a statement setting forth the nature of the evidence, rather than allowing Defendant to make a complete record thereof, *and* admit deposition evidence, *and* expand cross-examination, *and* expand the pleadings without consent or prior notice, *and* present his entire case-in-chief, via proffer, after granting Plaintiffs' *Motion*. Pursuant to Louisiana Code of Civil Procedure Ann. Article 1673, the effect of a judgment of involuntary dismissal is the same as a "final judgment of absolute dismissal after trial." For the reasons aforementioned, this Court denied Defendants *Motion for Involuntary Dismissal on Directed Verdict* and further granted Plaintiff's *Re-Urged Motion for Directed Verdict*.

**SIGNED** in New Orleans, Louisiana, this 23rd day of May, 2022.

JUDGE JENNIFER M. MEDLEY, DIVISION F

FILED

2020 MAR 09  P 07:58

CIVIL

DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-972                    DIVISION "I"                    SECTION: 14

CARROLLTON & OAK, LLC

VS.

NGA NGUYEN, ET AL

FILED: _____                    _____
                                                    DEPUTY CLERK

## ANSWER TO THIRD PARTY DEMAND AND RECONVENTIONAL DEMAND

TOMMY NGO, of the full age of majority and domiciled in Jefferson Parish, Louisiana, through undersigned counsel, files an Answer to the Third Party Demand filed by the Plaintiff, CARROLLTON & OAK, LLC:

I.

The allegations concerning residency set forth in paragraph one (I) are admitted.

II.

The allegations contained in paragraph two (II) are admitted.

III.

The allegations contained in paragraph three (III) are denied out of an abundance of caution.

IV.

The allegations contained in paragraph four (IV) are denied.

V.

The allegations contained in paragraph five (V) are admitted, with further explanation that Third Party Plaintiff is in default due to the outstanding promissory note.

VI.

The allegations contained in paragraph six (VI) are denied.

VII.

The allegations contained in paragraph seven (VII) are denied, including the allegations contained in sub-paragraphs (a) through (j).

E-Filed

**EXHIBIT**
**"B"**
7 PGS IN GLOBO

VERIFIED

Celeste Hunter

2020 MAR 11  A 11:09

VIII.

The allegations contained in paragraph eight (VIII) are denied.

IX.

The allegations contained in paragraph nine (IX) are denied.

X.

The allegations contained in paragraph ten (X) are denied.

XI.

The allegations contained in paragraph eleven (XI) are denied.

XII.

The allegations contained in paragraph twelve (XII) are denied.

XIII.

The allegations in the prayer for relief are denied. Third Party Defendant specifically denies that Third Party Petitioner is entitled to any damages, attorney's fees, or any other relief whatsoever.

**WHEREFORE**, Third Party Defendant, TOMMY NGO, prays that this Answer be deemed good and sufficient, and after legal delays and due proceedings are had, that judgment be rendered in favor of the Third Party Defendant herein and against Third Party Petitioner, dismissing Third Party Petitioner's petition with prejudice at Third Party Plaintiff's cost.

Third Party Defendant also prays for such other general and equitable relief as the nature of the case may permit, including reasonable attorney's fees.

## <u>RECONVENTIONAL DEMAND</u>

Now assuming the role of Plaintiff-in-reconvention, TOMMY NGO, of the full age of majority and domiciled in Jefferson Parish, Louisiana, respectfully represents that:

I.

Made Defendants-in-reconvention herein are:

1. CARROLLTON & OAK, LLC, is a Louisiana limited liability company domiciled in Orleans Parish, Louisiana and

2. GERARD P. MCGOVERN, an individual of the full age of majority domiciled in the Orleans Parish, Louisiana.

2

FILED

2020 MAR 09  P 07:58

CIVIL

DISTRICT COURT

## COUNT 1

Suit on Promissory Note and Petition for Eviction

II.

Defendant, CARROLLTON & OAK, LLC, whose domicile is 2718 State Street, New Orleans, Louisiana 70118, is truly indebted to Plaintiff-in-reconvention in the amount of seven hundred three thousand seven hundred twenty seven and 49/100 dollars ($703,727.49), together with interest from April 24, 2014, at the rate of three percent (3%) per annum until paid in full and reasonable attorney's fees plus all costs for the following, to-wit:

III.

Plaintiff-in-reconvention is the holder in due course of a promissory note executed by Defendant-in-reconvention on April 24, 2014, in the principal sum of $703,727.49 together with interest as provided in the note, which said note is attached hereto as Exhibit "A" and made a part hereof.

IV.

Defendant-in-reconvention defaulted on said promissory note on April 24, 2019, by failing to pay the principal and accrued interest coming due causing the note to become fully due and payable according to its terms.

V.

Defendant-in-reconvention's default on the promissory note constitutes an event of default by the tenant under Article XVI, Section (b) of the lease agreement between Tommy Ngo and Carrollton & Oak, LLC, dated April 24, 2014, with said excerpt of the lease agreement attached hereto as Exhibit "B" and made a part hereof.

VI.

Under Article XVII of the lease agreement, Tommy Ngo has the full right "to cancel [the] lease effective immediately." Article XVII further states that Carrollton & Oak, LLC, waives the necessity of any notice to vacate. *See* Exhibit "B" at page 11.

VII.

3

FILED

2020 MAR 09  P 07:58

CIVIL

DISTRICT COURT

To date, Defendant-in-reconvention has failed to remedy their default.

VIII.

Pursuant to La. Code of Civil Procedure art. 4701, *et seq.*, Plaintiff-in-reconvention requests the eviction of Defendant-in-reconvention, Carrollton & Oak, LLC, from the leased premises.

## COUNT 2

### Petition on NSF Checks

I.

Defendant-in-reconvention, GERARD P. MCGOVERN, domiciled in the Parish of Orleans, State of Louisiana, issued two checks to Plaintiff-in-reconvention in the amount of six thousand three hundred and forty dollars and twenty-five cents ($6,345.25) each on October 15, 2018, and November 30, 2018, both signed personally by the defendant-in-reconvention, attached and incorporated as Exhibits "C" and "D" and made parts hereof.

II.

Payment of these checks were refused by Defendant-in-reconvention's bank, which returned both checks marked "NSF." Plaintiff-in-reconvention incurred NSF fees totaling sixteen dollars ($16.00). *See* Exhibits "C" and "D".

III.

On January 10, 2019, Plaintiff-in-reconvention, through undersigned counsel, made written demand for payment of the checks on Defendant-in-reconvention by FedEx at the address shown on the check, which letter was deliver on January 11, 2019, and attached hereto as Exhibit "E". FedEx Proof of Delivery is attached hereto as Exhibit "F".

IV.

Pursuant to La. R.S. § 9:2782, unless the amount due is paid in full within fifteen (15) working days from receipt of the written notice, the holder of the check may file a civil action "for **two times the amount of the check** or one hundred dollars, whichever is greater, plus any court costs and reasonable attorney's fees incurred by the payee in taking

4

FILED

2020 MAR 09  P 07:58

CIVIL

DISTRICT COURT

the action." (emphasis added)

V.

Tommy Ngo reserves all other rights he may have under the lease and the law.

**WHEREFORE**, Plaintiff-in-reconvention, TOMMY NGO, prays that:

1. Defendant-in-reconvention, Carrollton & Oak, LLC, be duly cited to appear and that after due proceedings there be judgment in favor of Plaintiff-in-reconvention and against Defendant-in-reconvention in the amount of seven hundred three thousand seven hundred twenty seven and 49/100 dollars ($703,727.49), together with interest from April 24, 2014, at the rate of three percent (3%) per annum until paid in full and reasonable attorney's fees plus all court costs of these proceedings;

2. Defendant-in-reconvention, Carrollton & Oak, LLC, show cause on the date and time assigned by this Honorable Court, why it should not be ordered to: (1) vacate the leased premises; (2) reimburse Tommy Ngo for all damages he incurred due to its failure to pay the promissory note on time; (3) deliver possession of the leased premises to Tommy Ngo; and (4) pay all costs of this action, including, but not limited to, reasonable attorney's fees.

3. Defendant-in-reconvention, Gerard McGovern, be duly cited to appear and that after due proceedings there by judgment in favor of Plaintiff-in-reconvention and against Defendant-in-reconvention, Gerard McGovern, in the true amount of twenty-five thousand three hundred and ninety-seven dollars ($25,397.00) with legal interest from date of judicial demand until paid, and for reasonable attorney's fees of thirty-five percent (35%) of principal and interest or the greater amount as the Court deems proper and for all costs of these proceedings.

5

FILED

2020 MAR 09  P 07:58

CIVIL

DISTRICT COURT

Respectfully Submitted,

_Allison J. Johnson_

CONNIE P. TRIEU (Bar No. 30312)
ALLISON J. JOHNSON (Bar. No. 36207)
TRIEU LAW, LLC
1800 Carol Sue Ave., Suite 7
Gretna, LA 70056
(504) 301-4525 office
(504) 301-4683 facsimile
*Attorneys for Tommy Ngo*

**PLEASE SERVE:**

**Carrollton & Oak, LLC**
*Through its attorneys of record:*

Eric Oliver Person
1539 Jackson Ave., Suite 100
New Orleans, Louisiana 70130

Michael Bagneris
935 Gravier St., Suite 1702
New Orleans, Louisiana 70112

**Gerard P. McGovern**
2718 State St.
New Orleans, LA 70118

6

FILED

2020 MAR 09  P 07:58

CIVIL

DISTRICT COURT

**PROMISSORY NOTE**

$703,727.49

Jefferson Parish, Louisiana,
April 24, 2014.

  **FOR VALUE RECEIVED**, I, we, or either of us, in solido, promise to pay to the order of Tommy Ngo, Rose Nguyen and Man Ngo, at any such place as the holder of the note may designate, the principal sum of **Seven Hundred Three Thousand Seven Hundred Twenty Seven and 49/100 ($703,727.49) Dollars**, with interest from DATE until paid at the rate of Three (3.0 %) per cent per annum, interest and principal payable as follows, to-wit:

  The total of principal and accrued interest shall be paid on or before the 24th day of April 2019. Provided, however, Borrower may prepay this Note in full at anytime without penalty. Any payments made in excess of the accrued interest at any given time shall be credited towards the principal balance of the Note; and, all future interest shall accrue based upon the then principal balance after credit given for any payment.

  The makers of this note and the endorsers, guarantors and sureties hereon hereby severally waive presentment for payment, demand notice of non-payment, protest, and all pleas of division and discussion, and agree that the time of payment hereof may be extended from time to time, one or more times, without notice of such extension or extensions, and without previous consent hereby binding themselves, in solido, unconditionally and as original promissors, for the payment thereof in principal, interest, cost and attorney's fees. It is hereby expressly agreed that failure to pay this note punctually at maturity shall constitute default hereunder or, if this note be payable in installments, that if default be made in any of the payments of the aforesaid installments when and as the same shall become due and payable, then and in that event, the unpaid balance of the aforesaid principal sum at the option of the holder or holders hereof shall become and be due and payable, and the holder or holders hereof may proceed to have seized and sold the property described in the act with which this note is identified, given to secure the same under the terms and in the manner provided in the said act. Every person at any time liable for the payment of the debt evidenced hereby waives any homestead or exemption right against said debt and waives presentment for payment, demand, protest and notice of non-payment of this note and any or all lack of diligence or delays in collection which may occur and consents that the holder or holders may extend the time of payment or otherwise modify the terms of payment or any part of the whole of the debt at any time at the request of any other person liable, and agrees that should this note not be paid at maturity or when due or demandable, as herein provided, or should it become necessary to employ an attorney to enforce the same or recover the amount hereof or any portion of same, or should this note be placed in the hands of an attorney for collection or compromise or for any other reason to pay the reasonable fees of such attorneys, and all costs of collection.

             CARROLLTON & OAK, LLC

             BY: _____
                Nidal Jaber

             BY: _____
                Gerard McGovern

NE VARIETUR for identification with a Lease with Option to Purchase executed this 24th day of April 2014.

_____
TIMOTHY F. HAND
NOTARY PUBLIC
La. Bar Roll No. 24446
Commission Expires at Death

EXHIBIT
A

**PROMISSORY NOTE**

$703,727.49

**Jefferson Parish, Louisiana,**
**April 24,  2014.**

      **FOR VALUE RECEIVED**, I, we, or either of us, in solido, promise to pay to the order of Tommy Ngo, Rose Nguyen and Man Ngo, at any such place as the holder of the note may designate, the principal sum of **Seven Hundred Three Thousand Seven Hundred Twenty Seven and 49/100 ($703,727.49) Dollars**, with interest from DATE until paid at the rate of Three (3.0 %) per cent per annum; interest and principal payable as follows, to-wit:

      The total of principal and accrued interest shall be paid on or before the 24th day of April 2019.  Provided, however, Borrower may prepay this Note in full at anytime without penalty.  Any payments made in excess of the accrued interest at any given time shall be credited towards the principal balance of the Note; and, all future interest shall accrue based upon the then principal balance after credit given for any payment.

      The makers of this note and the endorsers, guarantors and sureties hereon hereby severally waive presentment for payment, demand notice of non-payment, protest, and all pleas of division and discussion, and agree that the time of payment hereof may be extended from time to time, one or more times, without notice of such extension or extensions, and without previous consent hereby binding themselves, in solido, unconditionally and as original promissors, for the payment thereof in principal, interest, cost and attorney's fees.  It is hereby expressly agreed that failure to pay this note punctually at maturity shall constitute default hereunder or, if this note be payable in installments, that if default be made in any of the payments of the aforesaid installments when and as the same shall become due and payable, then and in that event, the unpaid balance of the aforesaid principal sum at the option of the holder or holders hereof shall become and be due and payable, and the holder or holders hereof may proceed to have seized and sold the property described in the act with which this note is identified, given to secure the same under the terms and in the manner provided in the said act.  Every person at any time liable for the payment of the debt evidenced hereby waives any homestead or exemption right against said debt and waives presentment for payment, demand, protest and notice of non-payment of this note and any or all lack of diligence or delays in collection which may occur and consents that the holder or holders may extend the time of payment or otherwise modify the terms of payment or any part of the whole of the debt at any time at the request of any other person liable, and agrees that should this note not be paid at maturity or when due or demandable, as herein provided, or should it become necessary to employ an attorney to enforce the same or recover the amount hereof or any portion of same, or should this note be placed in the hands of an attorney for collection or compromise or for any other reason to pay the reasonable fees of such attorneys, and all costs of collection.

CARROLLTON & OAK, LLC

BY: _____
    Nidal Jaber

BY: _____
    Gerard McGovern

NE VARIETUR for identification with a Lease with Option to Purchase executed this 24th day of April 2014.

_____
TIMOTHY F. HAND
NOTARY PUBLIC
La. Bar Roll No. 21448
Commission Expires at Death

**EXHIBIT**
**"C"**

1

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

# NEW ORLEANS

```
*  *  *  *  *  *  *  *  *  *  *
                                *       CASE NO.
IN THE MATTER OF:               *       21-10064
                                *
BAYOU BYWATER LIVING, LLC,      *       CHAPTER 7
ET AL,                          *
                                *
         DEBTORS.               *
                                *
*  *  *  *  *  *  *  *  *  *  *
```

        Transcript of the telephonic proceedings taken in

the above captioned matter on **Wednesday, March 9, 2022**, the

Honorable Meredith S. Grabill, United States Bankruptcy Judge,

presiding.

AUDIO OPERATOR:    Sean McGinn

TRANSCRIPTIONIST:  Sherryl Robinson
                   3704 Chadwood Drive
                   Harvey, Louisiana 70058
                   (504) 348-3704

Proceedings recorded by electronic sound recording, transcript

produced by transcription service.



EXHIBIT
"D"
9 PGS IN GLOBO

2

**APPEARANCES:**

The Steffes Firm, LLC
By: William E. Steffes, Esquire
    (BY TELEPHONE)
13702 Coursey Boulevard
Building 3
Baton Rouge, Louisiana 70187

      Representing Carrollton & Oak, LLC


Eric O. Person, Attorney at Law
By: Eric O. Person, Esquire
    (BY TELEPHONE)
1539 Jackson Avenue
#100
New Orleans, Louisiana 70130

      Representing Nidal Jaber


The Derbes Law Firm
By: Wilbur J. Babin, Jr., Esquire
    (BY TELEPHONE)
3027 Ridgelake Drive
Metairie, Louisiana 70002

      Representing Wilbur J. Babin, Jr., Trustee


Office of the U.S. Trustee
By: Christy R. Bergeron, Esquire
    (BY TELEPHONE)
400 Poydras Street
Suite 2110
New Orleans, Louisiana 70130

      Representing the Chapter 7 Trustee

3

# I N D E X

| | Page Number: |
|---|---|
| Judge's Ruling | 7 |

4

1              **P R O C E E D I N G S**

2              (Wednesday, March 9, 2022)

3              (Call to Order of the Court)

4                  *   *   *   *   *

5         **HEARING ON MOTION TO SELL MOVABLE ASSET**

6                  *   *   *   *   *

7         THE COURT:  This is Case Number 21-10064, *In Re:*

8  *Bayou Bywater Living, LLC and George McGovern.*

9         Can I have appearances, please?

10        MR. BABIN:  Bill Babin representing the Trustee,

11 Your Honor.

12        MR. STEFFES:  Your Honor, William Steffes

13 representing Carrollton & Oak.

14        THE COURT:  Okay.

15        MR. PERSON:  Eric Oliver Person on behalf of Nidal

16 Jaber, Your Honor.

17        MS. BERGERON:  Christy Bergeron on behalf of the

18 UST.

19        THE COURT:  All right.  Anyone else?

20        All right Mr. Babin.

21        MR. BABIN:  Your Honor, yes.  As far as I know

22 there's no opposition to this.  This is the motion for

23 authority to transfer the Debtor's 50 percent interest in

24 Carrollton & Oak, LLC to Mr. Jaber.

25        Your Honor, to give you a little history.  I believe

5

1  the only asset of Carrollton & Oak is a leasehold interest in

2  the property at the corner of Carrollton and Oak and also, I

3  guess their proof of claim in this case.

4          When I first got appointed, Mr. Steffes on behalf of

5  Mr. Jaber made an offer to buy out Mr. McGovern's interest.

6  There's a long-standing litigation that's gone on between

7  Mr. Jaber and Mr. McGovern.  And so what I told him at that

8  time was I was going to let the claims bar date run and see

9  who the claims were, and whether or not I thought there would

10 be any value for the estate to pursue in the Carrollton &

11 Oak.

12         So the claims bar date has run, Your Honor, and the

13 main two creditors are Carrollton & Oak and also Laurie

14 Martin, who is an unrelated party.

15         So what this purchase agreement does is it allows

16 Mr. Jaber to become the 100 percent owner of Carrollton & Oak,

17 and it also requires though that Carrollton & Oak's proof of

18 claim be reduced by 50 percent once that claim has been

19 finally recognized.

20         I understand Mr. McGovern is going to object to that

21 claim.  And so, in order to get the benefit to the estate, I

22 required that the purchaser agree to reduce that claim by 50

23 percent.

24         So effectively, what that does is it values the --

25 it values Carrollton & Oak at zero and assumes that if

6

1   Carrollton & Oak recovered something, then 50 percent would

2   effectively have gone to Mr. McGovern.  Now that 50 percent

3   will be credited to the estate.

4        And Your Honor, I've investigated the interest.

5   There is litigation between Carrollton & Oak and the landlord,

6   and so the value of Carrollton & Oak is only going to be

7   increased by the work of Mr. Jaber.  The estate's not in any

8   position to join in that litigation and doesn't have any

9   interest in joining in the litigation with the landlord.

10       So the purpose of this is to put Mr. Jaber in

11  control so he can go litigate with the landlord, and to make

12  sure though that the estate does not get hit with the full

13  claim by giving up its 50 percent.

14       So the only people who would really be interested in

15  this, Your Honor, in my opinion is what would be either the

16  Debtor, if they wanted to put up, or the landlord; both of

17  whom were noticed with this.  And there has been no opposition

18  filed by anybody in connection with the motion.

19       THE COURT:  All right.

20       MR. BABIN:  And I would ask that the Court approve

21  the motion and authorize me to sell the interest with the

22  reservation of the obligation of the purchaser to give us

23  credit for any proof of claim that they ultimately get.

24       THE COURT:  All right.  So there has been no

25  opposition, you're right about that.

7

1      Does anybody want to be heard on this motion?

2  Anybody from Carrollton & Oak?

3    (No response.)

4      THE COURT:  All right.  All right -- go ahead,

5  anybody?

6      MR. STEFFES:  Yes.  William Steffes, Your Honor.

7      Carrollton & Oak as an entity supports this motion.

8      THE COURT:  Okay.

9      MR. STEFFES:  And what Mr. Babin has described to

10  the Court is exactly what's going on.  There's ongoing

11  litigation, very expensive litigation, and who knows how that

12  is ever going to turn out.

13      THE COURT:  All right, okay.

14                *   *   *   *   *

15                      **RULING**

16                *   *   *   *   *

17      THE COURT:  I've reviewed the motion and I

18  appreciate -- the reason I left it on the calendar was just so

19  Mr. Babin could give the kind of color that he just gave me,

20  so that clears up a lot of questions that I had.  So I'm happy

21  to approve the motion for authority to sell the interest in

22  Carrollton & Oak to Mr. Jaber.

23      If you haven't already, just submit a proposed order

24  and we'll get it done.

25      MR. BABIN:  I have the order prepared and

8

1    Mr. Steffes has already approved it, Your Honor.  So I'll

2    submit it in the next few minutes.

3            THE COURT:  All right, perfect.  Thank you.

4            MR. STEFFES:  Thank you Your Honor.

5            Thank you Bill.

6            MR. PERSON:  Thank you Your Honor.

7            MR. BABIN:  Thank you Your Honor.

8            THE COURT:  All right.

9                        *    *    *    *    *

10                    (Hearing is Concluded)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

**S/Sherryl P. Robinson**
**Sherryl P. Robinson**

**3/11/2022**
**Date**